TEN EYCK and others <em>against</em> VANDERPOEL.

Where *A.* as ad-      THIS was an action of *assumpsit*.   The declaration
ministrator of
*B.,*   deceased,   was on a promissory note, given by the defendant, on
gave a promisso-
ry note to *C.* by   the 18th *May*, 1809, by which the defendant, " as admi-
which he " pro-
mised to pay *C.*   nistrator of *Peter Bregau*, deceased, promised to pay the
61 dollars and
72 cents, for value received by *B.* and his heirs, on demand, with interest until paid," the
note was held to be void for want of a consideration.

plaintiffs 61 dollars and 72 cents, for value received, by *John Bregau* and heirs, on demand, with lawful interest until paid." There was a demurrer to the declaration and joinder in demurrer, which was submitted to the court, without argument.

NEW-YORK, May, 1811.

MILLS
v.
TWIST.

*Per Curiam.* The declaration does not state a consideration for the promise. The defendant, as administrator, promises to pay a debt in the right of others. The note states, that the value received was by third persons, and there is no consideration or inducement for the promise. The writing repels any presumption of consideration from the words " *value received,*" because it admits that the value was received by " *John Bregau,* and his heirs," and the defendant signs as *administrator.* The case of *Rann* v. *Hughes* (7 *Term Rep.* 350. note. 7 *Bro. C. C.* 550.) is in point. Judgment must be for the defendant.