# CASES

## ARGUED AND DETERMINED IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATHENS, NOVEMBER TERM, 1857.

Present—JOSEPH H. LUMPKIN,
CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

JOHN WEST, *et al.* executors, plaintiffs in error, *vs.* JAMES N. BOLTON, and others, defendants in error.

[1.] An advancement to the parent is an advancement to the child. Therefore, when a testator who has made advancements to a deceased child, says in his will, that the children of that child, are to account for advancements made to *them*, he says in law, that they are to account for the advancements made to that child, their parent.

[2.] The sayings of a testator, to the effect, that certain notes, &c., on a son-in-law, represented *advancements* made by him to that son in-law, are sayings against the testator's interest, and this, although the notes, may be out of date. They are therefore, admissible as evidence against the representations of that son-in-law.

[3.] That a person takes notes, &c. for the money advanced to his son-in-law, raises a presumption, that he intends a loan and not an advancement; but this is a presumption subject to be rebutted.

In Equity, from Wilkes Superior Court. Tried before Judge THOMAS, September Term, 1857.

James Nolan of the county of Wilkes, departed this life in the year 1856, leaving his last will and testament, the third and sixth items of which are as follows:

"*Third:* The balance of my property of every description, I will and bequeath as follows:

One equal part or share to the children of my deceased daughter Polly Bolton.   One equal part or share to my daughter Nancy West, during her life, and after her death to go to her children.   One equal part or share to my daughter Frances Hughey, and one equal part or share to each of my sons, James, Thomas, and John.

*Lastly:* I do hereby nominate, constitute and appoint my sons in law, John West, William Hughey and my son James, to qualify as such, when he arrives at lawful age, executors of this my last will and testament, hereby revoking all other wills heretofore made by me.   And it is my will and desire, that at the division of my property, each one shall be charged with and account for in said division for all money or property they have received from me, so as to make them share equally in the property to be divided, and in advances.

John West and William Hughey qualified as executors, and refused to account with and pay over to the children of Polly Bolton, their legacy or share of said estate, without first deducting therefrom the advances made by the testator to said Polly and her husband Charles L. Bolton, and without deducting therefrom the amount that said Charles L. Bolton was indebted to the testator at the time of his death.

The executors allege that the property, negroes, advanced to Charles L. Bolton and wife were worth $1,800 : And that the indebtedness of said Charles L. to testator, at the time of his death, amounted to $7,684 96.

This bill was filed by the children of Polly Bolton, praying that said testators do account with and pay over to them their share of said estate, not diminished by any advances made to their father and mother, or any indebtedness of their father to testator, submitting that their legacy was not liable to be reduced by any such advances or debts.   It was admitted that the debts were out of date at the time the will was made, but that certain payments had been made by Bolton and credited on the notes.

*John H. Dyson,* the only witness examined, testified, that he wrote the will, and that, while writing it and afterwards, testator said to him, that the notes, due bills and receipts of Charles L. Bolton were to be taken as advancements to him and to come out of the portion of his children on the final division; that he did not claim them as debts, but as advances to Charles L. Bolton.

To the admission of which testimony, counsel for complainants objected. The objection was overruled.

The Court charged the jury that complainants were not chargeable with advancements made *to* their father and mother, but were bound *to* account only for advancements made *to* themselves.

The jury under the charge of the Court, found for the complainants.

To which charge and finding counsel for defendants except.

REESE and TOMBS, for plaintiffs in error.

BARNETT and T. R. R. COBB, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

The Court charged the jury, that the children of Mr. and Mrs. Bolton, were not bound to account for advancements made to Mr. and Mrs. Bolton. Was this charge right?

The words of the will are, "each one shall be charged with, and account for, all money or property they have received from me, so as to make them share, equally in the property to be divided and in advances."

By the words "each one," "they," "them," the testator, no doubt, meant, the persons named as legatees, in the third item of his will. Among those persons, were "the children of" his "deceased daughter, Polly Bolton.

It follows, therefore, that according to the words of the

36

will, those children were bound to account for money and property, which they had received from the testator, if they had received money and property from him.

Their parents had received money and property from the testator. Was that, a receipt of the money and property, by them ?

We think, that, in law, it was.

[1.] An advancement to the parent is, in law, an advancement to the child. The statute of advancements, is amendatory of the statute of distributions, and, indeed, is adoptive of that statute. Consequently, it is to be construed in connection with that statute. And that statute says this—"And in case any of the children shall die before the intestate, their lineal descendants shall stand in their place and stead." *Cobb's Dig.* 291, 293. But, if, in such case, the lineal descendants of any of the children, stand in the place and stead of the children, then, it must be true, that what the children received, they received, what the children were advanced, they were advanced. In other words, it must be true, that an advancement to the parent, is in law, an advancement to the child.

This is the result of a strict and literal interpretation of the language of the will. And there can hardly be a doubt, that it is a result, that subserves the intention of the testator. And certainly, we may be justified in holding that a testator means by words denoting an advancement, any thing that is, *in law*, an advancement, if in so holding, we accomplish his intention.

We think, therefore, that the charge of the Court, was erroneous.

[2.] Was Dyson's testimony admissible ; that is to say, were the sayings of the testator, going to show, that he had made advancements to Charles L. Bolton, admissible ?

These were not " vague" sayings. The notes, &c., to which they referred, were lying before the speaker, at the time of the sayings.

West et al., ex'or, vs. Bolton et al.

Now the sayings were admissible, if they were against the interest of the speaker. And, we think, that they were against his interest. It is true, that the notes, &c. were out of date. But a contract being out of date, does not make the contract, *extinct*. It cannot be said, therefore, that a contract out of date, is a worthless thing. If these notes, &c., then, represented contracts, debts, they were not worthless, though they were out of date.

But if they represented advancements, they were utterly worthless. They could not in that case, have been collected, if in date. It follows therefore, that when the testator, speaking of them, said, that they represented advancements, he spoke what was against his interest.

The cases read from the Pennsylvania Reports, went upon the ground, I think, that the sayings they refer to were too vague, too uncertain, failing as those sayings did, to specify and identify, the property referred to by them, as that which had been advanced. *See* 4. *Whor.* 138.

The cases from the Connecticut Reports, seem to be in favor of the admission of such sayings. 20. *Conn.* 320. 6. *Conn.* 356.

[3.] That *notes*, &c., were taken by the testator, from the son-in-law, Mr. Bolton, for the sums advanced to Mr. B., is matter from which, a presumption arises, that those sums were intended, not, as advancements, but as loans. This presumption, however, is not a conclusive one, it is subject to be rebutted. And the question, whether, it has, or has not, been rebutted, is a question for the jury.

The charge of the Court being, as we think, erroneous, we must give a new trial.

Judgment reversed.