BREWTON *et al.*, vs. BREWTON *et al.*

1. The doctrine of bringing advancements into *hotch-pot*, has no application when there is a *will* which does not require it to be done.

In Equity, in Bulloch Superior Court. Decision on Demurrer, by Judge FLEMING, March Term, 1860.

This was a bill in equity filed by Nathan Brewton and Benjamin Brewton, administrators with the will annexed of Nathan Brewton, deceased, against the heirs and legatees of deceased, for an account and settlement of the estate of complainant's testator, and calling upon defendants, children of testator and his sons-in-law, to account for and bring into

Brewton *et al.*, *vs.* Brewton *et al.*

*hotch-pot* the property and estate, and money which had been loaned and advanced to them by testator in his lifetime.

To this bill defendants demurred, on the ground that the deceased having died testate, they are not bound, and cannot be compelled to account for, and bring into *hotch-pot* the advancements or gifts made to them by testator; that the doctrine of advancements and *hotch-pot* applies only in cases of intestacy.

The presiding Judge sustained the demurrer, and ordered the bill to be dismissed as to so much thereof as seeks an account for property or money *advanced* by testator to defendants. To which decision counsel for complainants except.

E. H. BACON, for plaintiff in error.

JOHN M. MILLEN, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

This case turns really upon the proper construction of the complainants' bill. The Judge, who sustained the demurrer to it, thought it claimed that *gifts* made by the testator to his children in his lifetime should be brought into *hotch-pot*, while counsel for the bill contend that it only asks that *loans* may be brought in. The bill was not wholly dismissed, (being retained for other purposes,) and if the complainants are really after loans and not gifts, it will be easy to make their bill sufficiently explicit by amendment. But as to bringing gifts into *hotch-pot*, we concur with his Honor below, that it cannot be required when there is a *will* which does not require it. The law in relation to advancements has no application when there is a will. The will itself is then the law of distribution, and *all that the testator leaves at his death* must go according to the will.

Judgment reversed.