HUGGINS *vs.* HUGGINS, executor, *et al.*

1. The declarations of a party in possession in favor of his own title are admissible to prove adverse possession.
2. In a contest concern ng the title to land betw en an executor and certain persons claiming to be donees of th testator under a verbal gift, accompani d by delivery of possession an l the erection of valuable improvements, o ie of the persons so claiming was incompetent to testify in his own favor, either as to the entire case or as to the character of the improvements made on the land since the testator's death.
3. It is on y in cases of intestacy that parties can claim advancements or be compelled to account for them.

February 9, 1884.

Evidence. Title. Witness. Estates. Advancements. Before Judge HARRIS. Carroll county. At Chambers. May 21, 1883.

Reported in the decision.

R. S. BURCH, by brief, for plaintiff in error.

ORLANDO McLENDON; P. H. BREWSTER; W. A. TURNER, for defendants.

HALL, Justice.

The executor of Asa Huggins offered for sale a certain parcel of land, which was claimed by the widow of testator's deceased son for herself and minor children, to whom she alleged that it had been given by testator in his lifetime; that he had bought it expressly as a home for them; had put them in possession, in pursuance of his intention, and they had made valuable improvements thereon, under the belief that they were the owners of the same, and which they would not have made as tenants at will. The gift was verbal; the testator paid for the land, and when he did so took title to himself.

Before this claim case was tried, the executor filed a bill against all the legatees of testator, including the claim-

ants, in which he asked a construction of the will, and also the direction of court as to the distribution of the estate which he represented. On the trial of the bill, several issues of fact touching this claim were submitted to the jury, all of which were found against claimants. A motion was made for a new trial on various grounds, and was overruled. It is necessary to consider only two errors alleged therein and now insisted on. The verdict as to the other grounds of the motion was fully sustained by the evidence.

1. It is urged that the court erred in admitting the sayings of the donor, while he was in possession of the land, setting up title therein to himself and denying the right of the donees. Declarations of a party in possession in favor of his own title are admissible to prove adverse possession. Code, §3774. The point of objection here is ruled against the claimants, in *Hansell vs. Bryan, ex'r,* 19 *Ga.,* 167.

2. In this contest between the executor and the donees, it was insisted that one of the latter was a competent witness to prove the entire case; and if not competent to that extent, he was at least competent to prove the character of the improvements made on the land since the testator's death. The court rejected this evidence, holding the witness incompetent to testify as to any of the facts for which he was offered. Prior to the passage of the act of 1866, Code, §3854, this witness would have been incompetent at common law for any purpose whatever, and under the exception to that act he is still incompetent, one party to the contract being dead, and his executor bringing the suit, the other party cannot be admitted to testify in his own favor.

3. It is contended, that if this is not good as a gift, it is available as an advancement. Since there is a will here which makes no provision for such a thing, an advancement is manifestly out of the question. It is only in cases

of intestacy that parties can claim advancements or be compelled to account for them. Code, §§2579, 2582, 2583 and citations.

Judgment affirmed.