WOOD *vs.* CRAWFORD, EXECUTOR.

EJECTMENT, FROM FRANKLIN.   Deeds.   Title.   Charge of Court.   Boundaries.   Witness.   Evidence.   (Before Judge Hutchins.)

Hall, J.—1. The verdict was not contrary to law and evidence.

2. Where it was in dispute whether a deed under which a plaintiff in ejectment claimed covered the tract of land in controversy, or any part of it, it will not require the grant of a new trial that the court charged that "the plaintiff could claim only so much of the land as the largest description in the deed would embrace, whether it be all or only a part of the disputed premises, and if he had satisfied them that his deed covered the land or any part of it, then he was entitled to recover, unless the defendant had shown a better title" either in himself or outstanding in some one else than the plaintiff.   Such a charge was, in effect, an instruction to the jury to find for the plaintiff all the land in dispute, if the largest description in his deed covered it; but, if the description did not cover all, then to find such portion as it did cover.

3. The charge excepted to in the tenth ground of the portion was applicable to the facts of the case. It having been shown that a person under whom the defendant claimed and the then proprietor of the adjoining tract of land had an understanding as to the dividing lines in question, and that the co terminous proprietors in several instances acted upon this understanding, and treated it as settling the question of boundary, and the party under whom plaintiff holds being in possesion of a part of the land covered by his deed, and constructively in possession of the whole, a charge based on such facts was applicable to the case. Code, §2681 and cit.

4. Although the person under whom defendant claimed and who had an understanding as to the dividing lines with a co terminous holder of lands, was dead at the time of the trial, the co-terminous holder was a compentent witness, it appearing that he had held the lands under a contract of purchase which he had relinquished by a failure to comply with its terms; that when he testified, he had no interest whatever in the subject matter of the suit and was not a party thereto, and that the decedent had no interest therein. He would have been competent at common law and was not disqualified by the act of 1866. 71 Ga., 168.

5. The declarations of one in possession, of land, setting up adverse possession, are admissible to show that fact. §3774 and cit.; 71 Ga., 66.

Judgment affirmed.

W. I. pike; W. R. Little, for plaintiff in error.

J. S. Dortch, by S. P. Thurmond, for defendant.