McNEIL v. HAMMOND et al., executors.

The will is not ambiguous. Its provision in respect to advancements relates only to a particular part of the testator's property, not to the whole estate, and is confined to a distribution of one sixth of that part between the two granddaughters named in the 16th item. No scheme of accounting for advancements was contemplated as between the legatees of the other five sixths and the two granddaughters who took the one sixth.

July 13, 1891.

Wills. Advancements. Before Judge MILLER. Bibb superior court. November term, 1890.

Viola McNeil and Irene Petty filed their equitable petition for the proper construction of the sixteenth item of the will of D. W. Hammond, and for an account and settlement from the executors to the petitioners. Their contention was, that an undivided one sixth part of the estate of testator, as mentioned in the sixteenth item of the will, was to be given to them jointly, and that they were to account between themselves, that is to say, that Mrs. McNeil should first receive as much more of this one sixth part as would first make her equal with her sister, Mrs. Petty, and then the balance of this one sixth share should be equally divided between them. The defendants filed an answer in which they admitted the allegations in the petition, except that they contended that under a proper construction of the sixteenth item, when taken in connection with the seventh item of the will, and the entries of the testator made in a book, which were copied as exhibits to their answer, the petitioners should first account to the estate for the advancements mentioned under the sixteenth item, and should first pay these sums into the estate before they were allowed to participate in the distribution of the estate.

Under agreement the cause was submitted to the judge for decision without the intervention of a jury.

The petitioners introduced the will. By it the testator bequeathed to his wife a certain amount to be paid her in cash, to his son, A. D. Hammond, and one of his (testator's) daughters certain other amounts to be paid them in cash, to another daughter an amount in cash which he desired to be retained by his wife as trustee for this daughter, and to the four children of a deceased daughter another amount in cash to be equally divided between them. By the seventh item he bequeathed to the two children of his deceased daughter, Mrs. Johns, to wit, to "Viola McNeil $100, and to Irene Petty no money, as she Irene has recently, as she has at times before, received from me several hundred dollars in money." He further bequeathed to the children of another deceased daughter a sum to be held by his wife as trustee for them. By the ninth item he directed that all the remainder of his estate should remain under the control of his wife during her life or widowhood, etc. By the tenth item he devised to his wife absolutely certain property. By the eleventh item he directed that at the death of his wife all the property remaining in her control be sold, and the proceeds of the sale, together with the cash in hand, be divided equally between his children and grandchildren in six parts as follows: By the twelfth item, one undivided sixth part to his son, in trust for the use of his son's wife and their children. By the thirteenth item, another undivided sixth part to one of his daughters. By the fourteenth item, another undivided sixth part to another daughter to be held for her in trust by his (testator's) wife. By the fifteenth item, another undivided sixth part to the children of a deceased daughter. The sixteenth item is quoted in the opinion. By the seventeenth item he gave another undivided sixth part in trust to the children of another deceased daughter. By the eighteenth item he provided that in case the cash in hand at his

death "has diminished in amount from that now in hand, in view of which the foregoing legacies are given," his wife was still to have the amount in cash before mentioned, and Nettie and Mamie Barnes, the children of one of his deceased daughters, were to have the sum in cash which had been bequeathed them, but the other legatees were to share the deficit between them in proportion to the amount of their several legacies, and if the cash in hand had increased in amount, each of the legatees might receive more in proportion, in the discretion of his wife, not interfering with any other provision in the will as to the surplus cash. By another item he provided that in case his wife should marry again, all his property remaining undisposed of after paying debts, expenses and legacies, should be converted into money and this divided into seven equal shares, one of which was to go to his wife and the other six shares divided as provided hereinbefore in the will.

The opinion states the decision of the judge.

Hardeman, Davis & Turner, by brief, for plaintiffs.

A. D. Hammond and Hill, Harris & Birch, for defendants.

Lumpkin, Justice.

The 16th item of the will of D.W. Hammond was as follows : " Another undivided sixth part thereof [meaning all that part of testator's estate which he had devised to his wife and on hand at her death] I give to my grandchildren, Viola NcNeil and Irene Petty, the children of my deceased daughter Mary E. Johns, to be equally divided between them, after each of them shall account for the respective sums of money I have heretofore advanced to each, to wit: to Viola McNeil three hundred and twenty-five dollars and to Irene Petty seven hundred dollars (in fact more, but I charge her with that sum). I mean that Viola. McNeil is to receive more of the said sixth share in proportion as she

has received less of the said advances mentioned in this item. The proportion thus given each to be paid over to each of them directly as the separate property of each, and free from the debts or control of the present or any future husband of each." The other parts of the will material to a proper construction of the item quoted will be found in the reporter's statement.

Considering together all the provisions of this will, it will be plainly apparent that it contained no general scheme of accounting for advancements by the legatees therein named, and certainly there was no such scheme as between the legatees of the five sixths of that part of the estate disposed of by the 16th item and the two granddaughters to whom the other sixth thereof was given. It was the obvious intention of the testator to equalize his granddaughters, Viola McNeil and Irene Petty, in the division between them of the sixth of the specified portion of his estate which they were to receive; and we think the meaning of the testator to this effect is clearly and plainly expressed in the above quoted item of his will, the more especially as the only provision anywhere made in the will in reference to advancements is that contained in said item. That item by its express terms limits and confines the matter of accounting for advancements to the division between the two granddaughters of their share of the estate.

The court held that there was such an ambiguity in the 16th item of the will, when read in connection with the other parts of it, as would authorize the introduction of extrinsic testimony to explain the intention of the testator. We think the court erred in admitting this outside testimony, and after so doing, in holding that Mrs. McNeil and Mrs. Petty, before receiving their part of the estate, should account to the other legatees for the sums of money respectively advanced to them by the testator. As already shown, these ladies are en-

titled to one sixth of that portion of the estate devised to testator's wife for life and remaining on hand at her death, in the division of which between themselves each must account to the other for the amount she has already received from the testator, as directed by the will, so that their shares may be equalized as therein contemplated.        *Judgment reversed.*