Trammel *v.* Trammel *et al.*

## TRAMMEL *v.* TRAMMEL ET AL.

[No. 18,081. Filed October 12, 1897.]

WILLS.—*Construction.*—*Advancements.*—Where a testator provides in his will that in the event of the death of one of the beneficiaries therein named before arriving at the age of twenty-one, that his property shall descend the same as if no will had been made, upon the death of such beneficiary, testator's property will descend in same manner as though he had died intestate, and advancements made by testator will be taken into account in the division of such estate.

From the Huntington Circuit Court. *Affirmed.*

*T. L. Lucas* and *C. K. Lucas,* for appellant.

*James C. Branyan* and *John S. Branyan,* for appellees.

MONKS, J.—Appellant brought this action for partition of real estate.

In 1890 John M. Trammel conveyed by deed to appellant, his son, forty acres of real estate as an advancement. At that time John M. Trammel owned 120 acres of land besides that conveyed, and had two children living, appellant, and John A. Trammel, and a grandchild, the appellee, Clell A. Trammel, the son of his son Thomas A. Trammel, deceased. John M. Trammel died in 1894, leaving a will, which was duly admitted to probate. He owned said 120 acres of real estate, and personal property of the value of $500.00 at the time of his death. By said will he devised said 120 acres of land to his son John A. Trammel, upon condition that he pay to appellee, Clell A. Trammel, $800.00 when he, said Clell A., should arrive at the age of twenty-one years; and provided further, that said John A. Trammel, who was a minor, should live until he was twenty-one years of age. And if said John A. Trammel should die before arriving at the age of twenty-one years, then it was provided that the whole estate should descend to the heirs of John M. Trammel the same in all respects as if no will or devise had been made. The personal property was not disposed of by said will, nor did the same contain any other provision than that as above set forth.

John A. Trammel died intestate in 1895, before he had arrived at the age of twenty-one years.

Appellant claims that he is entitled to the undivided one-half in value of said 120 acres of real estate,

while appellees contend that in the partition of said real estate appellant must be charged with the value of the forty acres conveyed to him in 1890, as an advancement. The court below held the law to be as insisted by appellees, and rendered judgment accordingly.

We think the law as held by the trial court was correct.

It is true that when a will is made, all previous advancements are extinguished, unless the same are saved by the will; and this is held upon the ground that the testator has graduated his legacies with reference to such prior advancements. *Jones* v. *Richardson*, 46 Mass. 247.

In this case, however, the testator provided that if his son John A. Trammel did not live until he was twenty-one years of age, that his estate should descend the same as if no will or devise had been made. If said will had not been made, and John M. Trammel had died intestate leaving appellant, his son, and appellee, the son of a deceased son, as his only heirs, the law would require that the value of the forty acres conveyed to appellant in 1890 be taken into account and charged to appellant in the partition of the 120 acres of real estate involved in this action. When a testator provides that his property shall descend the same as if no will had been made, that is, as though he had died intestate, prior advancements are to be taken into account in the division of his estate. *Raiford* v. *Raiford*, 6 Ired. Eq. (N. Car.) 490; *Stewart* v. *Stewart*, 15 Ch. Div. 539, 544.

It was clearly the intention of the testator that, under the conditions as they exist, the right of appellant and appellees in his estate should be the same as if he had survived his son, John A. Trammel, and had

died intestate. The trial court adopted this view and so adjusted the rights of the parties.

There being no error in the record, judgment affirmed.