### WHITE v. DANIEL.

(Circuit Court of Appeals, Fifth Circuit. October 31, 1919.)

No. 3438.

1. WILLS ⬤➡758—ADVANCEMENTS; DIRECTIONS IN WILL ESSENTIAL.
    Where a parent's will does not provide that land conveyed to a daughter and her husband shall be charged against her share in the estate, the doctrine of advancements has no application.

2. TRUSTS ⬤➡30½(2)—CREATION; TRANSFER BY FATHER TO DAUGHTER AND HER HUSBAND.
    Where a father made a voluntary conveyance of land to his daughter and her husband, who later became a bankrupt, *held* that, there being no circumstances having the effect, as between the husband and the father,

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of preventing husband's acquisition of an interest in the land as a gift from the father, the interest vested in the husband was not, under Civ. Code Ga. 1910, § 3739, charged with a trust in favor of the daughter.

3. TRUSTS &#9756;17, 18(3)—CREATION BY ORAL DECLARATIONS.

Under Civ. Code Ga. 1910, § 3733, a trust in favor of the wife of a bankrupt as to land conveyed to the bankrupt and his wife by the latter's father cannot arise from oral declarations of the bankrupt as to the ownership of the land.

4. ESTOPPEL &#9756;70(1)—FAILURE TO ASSERT TITLE TO CONVEYANCE BY WIFE'S FATHER TO HIMSELF AND WIFE AS ADVANCEMENT TO HER.

Where a father, after conveying land to his daughter and her husband, died testate, leaving a will, which did not charge the interest of the daughter with the value of the land as an advancement, but the daughter, in settlement of the estate, voluntarily charged herself with the value of the land deeded to herself and husband, *held*, that no estoppel precluding the husband from claiming an interest in the land arose, and hence, on the bankruptcy of the husband, the daughter could not defeat the rights of the trustee to the husband's share in the land.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

In the matter of R. K. White, bankrupt. Petition by J. Saxton Daniel, trustee in bankruptcy, on which Mrs. Theodosia E. White intervened, claiming the property claimed by the trustee. From a decree for the trustee, claimant appeals. Affirmed.

Francis M. Oliver, of Savannah, Ga. (Edgar J. Oliver, of Savannah, Ga., and A. S. Way, of Reidsville, Ga., on the brief), for appellant.

Frederick T. Saussy, of Savannah, Ga. (Warnell & Newton, of Savannah, Ga., on the brief), for appellee.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. The appellant, the wife of the bankrupt, claimed the sole beneficial ownership of a tract of land, a voluntary conveyance of which to the appellant and the bankrupt was made by the former's father in the year 1893. The grantor died shortly after he made the deed, leaving a will, made the same day the deed was made, and which did not charge the land conveyed, or the value of it, against the appellant as an advancement. The conveyance mentioned stated that it was made in consideration of $700 and for and in consideration of natural love and affection of the grantor for the grantees; but nothing was paid to the grantor.

The claim asserted is based on the following contentions: (1) That the land, though deeded to the grantor's daughter and her husband, was an advancement to the former; (2) that the beneficial ownership of the half interest conveyed to the bankrupt was in his wife as a result of an implied trust arising in her favor; (3) that parol declarations of the bankrupt and his wife to the effect that the land belonged to the latter created a trust in her favor as to the legal interest vested in the bankrupt by the deed; (4) that the bankrupt was precluded from claiming the beneficial ownership of the half interest conveyed to him as a result of his acquiescence in a settlement of the residue of the gran-

tor's estate made several years after his death between the appellant and the other devisees of that residue, in which settlement, with the consent of the appellant, she was charged with the sum of $700 as the value of the land deeded to herself and her husband, with the result that the amount she received as her share of the residue was less than it would have been if she had not consented to the $700 being charged against her share. The claim asserted is not sustainable on any of the grounds mentioned.

[1] 1. The grantor in the deed having died leaving a will which did not provide for the land or its value being charged against the share in his estate given to the appellant, the law as to advancements has no application. Brewton v. Brewton, 30 Ga. 416; Huggins v. Huggins, 71 Ga. 66.

[2] 2. The conveyance of the land having been a voluntary one, the appellant parting with no consideration at or prior to the time the conveyance was made, and there being no circumstance having the effect, as between the bankrupt and the appellant, of preventing the acquisition by the former of an interest in the land as a gift from his father-in-law, the interest vested in the bankrupt by the deed was not charged with an implied or resulting trust in favor of his wife, the appellant. Hall v. Edwards, 140 Ga. 765, 79 S. E. 852; Code of Georgia 1910, § 3739.

[3] 3. A trust in favor of the appellant could not arise from oral declarations of the bankrupt as to the ownership of the land, as in Georgia "all express trusts must be created or declared in writing." Code, of Georgia 1910, § 3733; Smith v. Williams, 89 Ga. 9, 15 S. E. 130, 32 Am. St. Rep. 67.

[4] 4. So far as appears, the act of the appellant in agreeing to be charged, in the settlement between herself and the other devisees of the residue of her deceased father's estate, with $700 as the value of the land deeded to herself and her husband, was done with full knowledge of the facts, and was entirely voluntary, uninfluenced by any statement or conduct of her husband, who is not shown to have taken any part in the settlement, or to have done or said anything inconsistent with his interest in the land being the same after the settlement was made as it was before. There is no merit in the contention that the bankrupt estopped himself in favor of the appellant to claim the interest he acquired by the deed made by his father-in-law. Brant v. Virginia Coal & Iron Co., 93 U. S. 326, 23 L. Ed. 927.

It was disclosed that the bankrupt acquired the beneficial ownership of a half interest in the land in question, and it was not disclosed that that interest has in any way passed into the appellant.

Affirmed.