# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

# MARCH TERM, 1925

---

ROBINSON, executor, *v.* RAMSEY *et al.*

1. In the construction of a will parol evidence may be admitted as to the circumstances surrounding the testator at the time of its execution, or to explain ambiguities, either latent or patent. Civil Code (1910), § 3901. However, the court did not err in repelling the testimony as to the exclusion of which complaint is made in this case; for, construing the language of the testament itself, it is clear that it was the intention of the testator, as expressed in the will, that certain sums of money which he had supplied to certain of his legatees should be treated as debts and not as advancements.

(*a*) In this State "it is only in cases of intestacy that parties can claim advancements or be compelled to account for them."

(*b*) In this will the term used by the testator, that each of certain children "owes the estate" a named sum of money, without any direction that this debt shall be treated as an advancement, fixes the status of the transaction as one of debt, and "debt" is not synonymous with "advancement."

2. There was no error in the judgment rendered by the trial judge.

No. 4628. SEPTEMBER 15, 1925.

Construction of will. Before Judge Tarver. Whitfield superior court. September 20, 1924.

*W. C. Martin* and *Maddox, Maddox & Mitchell,* for plaintiff.

*W. E. Mann, W. M. Sapp,* and *O. R. Hardin,* for defendants.

RUSSELL, C. J. It appears from the bill of exceptions that at the February term, 1923, of the court of ordinary of Whitfield County the will of J. L. Bender was offered for probate in solemn

form. Two children of the testator, Mrs. Kate Ramsey and Mrs. Mary Jane Miller, filed caveats to the probate of the will, one of these alleging that J. L. Bender was not of sound and disposing mind at the time of the execution of the alleged will, and was unduly influenced and induced into making it; and the other setting forth the grounds just stated, and alleging in addition that the will was not properly attested, in that the attesting witnesses did not sign in the presence of the testator. As a result of the trial before the ordinary the probate of the will was refused. An appeal was taken to the superior court, and came on for a hearing at the April term, 1923. A jury was impaneled, and the matter proceeded to trial by the introduction of evidence by the propounder and certain of the heirs of the testator. After the evidence in behalf of the propounder was closed, and a part of the evidence in behalf of the caveators had been introduced, the presiding judge, with the consent of the caveators, directed the following verdict: "We, the jury, find against the caveators, that the will propounded be set up and established as the last will of the testator. We further find that the recitals in the will as to the various debts due by various children to the testator are not conclusive upon the parties." Upon this verdict the following judgment, signed by counsel for the caveators, was entered: "Whereupon it is ordered, considered, and adjudged by the court that the will of John L. Bender, propounded, be set up as the will of said testator. It is further ordered, considered, and adjudged that the recitals in said will as to the debts due by various children and heirs to the testator, John L. Bender, are not conclusive upon the parties." Having reduced the property of the testator to cash, James H. Robinson, executor of the last will and testament of John L. Bender, filed a petition asking for a construction of the will and for direction as to how to proceed. Mrs. Kate Ramsey and Mrs. Mary Jane Miller filed separate answers, insisting that the will be construed as the verdict and judgment directed in the propounding of said will. By consent of counsel for all parties the case was submitted to the court to hear and pass upon all questions of law and fact without the intervention of a jury. On September 20, 1924, the petition for construction and direction was heard by the presiding judge, who entered the following judgment: "Upon consideration of this case, under the law and evidence, it is held: (1)

That the recitals of paragraph 2 of the will are not conclusive upon the legatees therein mentioned as to the various items of indebtedness claimed. (2) That the executor shall proceed with the collection of such sums therein referred to either by separate actions or by petition for settlement with the legatees of the estate, seeking in such petition to charge said legatees with such amounts as he may contend are due by such legatees. (3) That the cost of this proceeding be paid by the executor from the funds of the estate." Exception is taken to this judgment, upon the ground that "this judgment is not a proper legal construction of said will, that the will should have been construed, that the amounts due by each of the parties in said will should have been deducted from the distributive share of each, and that when this was done the remainder should be equally divided among the children of John L. Bender, deceased."

1. The decision of the case at bar upon all issues of law and fact was submitted to the trial judge, and the judgment rendered by him, to which exception is taken, is at the same time a verdict and the judgment thereon. We think the trial judge, upon the evidence before him, properly construed the will which the petitioning executor asked to be construed and as to which he prayed for direction. Preliminary to an adjudication of the controlling issues in this case, it may be stated that exception is taken in the bill of exceptions to the rejection of testimony offered by the petitioner, as follows: "Just before Mr. Lewis Bender went to Oklahoma he handed me his will sealed up, stating that I was connected with the will, and to carry it to the ordinary's office and file it. Mr. Bender said his daughter Kate owed him $1500, and that on his way to Oklahoma he was going to stop to see her and have her pay him $500; that he had stated in his will what the other children owed him. Said he had enough to give his children about $1000 apiece, that when his estate was wound up he wanted me to deduct what each of the children owed from what was coming to them. I told him I would do as he directed, and carried the will to the ordinary's office and filed it." For reasons which will be stated hereafter in this opinion, we do not think that the exclusion of this testimony affords the petitioner grounds for complaint; for if it had been admitted, the judge sitting as a jury must have concluded that the $1500 which the testator said his

daughter Kate owed him was a mere debt, and that what was stated in the will as to the other children made them mere debts, and not advancements as is contended by the petitioner as executor of the will. However, we think that the court did not err in repelling the testimony which was offered and which was objected to by the defendants, for the reason that parol evidence is not admissible to contradict, add to, or vary the terms of any written instrument, and this principle especially should be applied in the construction of so solemn an instrument as one's last will and testament. *Wiley* v. *Smith,* 3 *Ga.* 551, 557; *Doyal* v. *Smith,* 28 *Ga.* 262; *Burge* v. *Hamilton,* 72 *Ga.* 568 (8). It may be that the testator intended that the debts due him by his children should be treated as advancements; but as the will failed to make any provision of this kind, the testimony offered was properly excluded for this reason, if for no other. As we think (for reasons which will later appear), and as the trial judge held, the language of the will was unambiguous. It is true that the cardinal rule of construction, which requires the intention of the maker of an instrument to be ascertained if possible and that effect shall be given to his true intention, is superior to any minor consideration resting upon any technical rules, and should never be disregarded. But the application of this rule is itself subject to the proviso that in the ascertainment of the intentions of the maker of an instrument the well-settled rules of evidence should not be overturned. For this reason parol evidence as to the intention of the maker of a will may be used to make plain provisions of the will which are ambiguous, while parol evidence can not be employed to engraft entirely new terms or provisions into a will. *Smith* v. *Usher,* 108 *Ga.* 231 (33 S. E. 876). As we construe the will which was before the trial judge, the admission of the evidence which was rejected would have permitted the insertion of a provision into the will that the debts against the children of the testator, which were merely recited in the second item of the will, should be treated as advancements and should each be deducted from the shares of the several children as devised in a later item of the will. The testator might, and could, have provided that these debts should be treated as advancements, but in our opinion the will contains no such express provision. In this State it is only in cases of intestacy that parties can claim advancements or be compelled to account for them.

*Huggins* v. *Huggins*, 71 *Ga.* 66. In that case Mr. Justice Hall, delivering the opinion of the court, said: "Since there is a will here which makes no provision for such a thing, an advancement is manifestly out of the question. It is only in cases of intestacy that parties can claim advancements or be compelled to account for them." The subject of advancements in this State is treated in sections 4052, 4055, and 4056 of the Civil Code (1910), each and all of which have reference to the administration of estates of intestates. Item second of the will of John Lewis Bender is as follows: "My daughter Kate Ramsey owes the estate fifteen hundred dollars ($1500), interest being paid up to date. My daughter Nell Henslee owes the estate seven hundred dollars ($700), interest being paid up to date. My son Will Bender owes the estate three hundred dollars ($300). My son George Bender owes the estate two hundred dollars ($200). My son John Bender, I took fifteen (15) feet of Will Bender's front and added to John Bender's lot, making the lot 75 feet front, and I made him a deed to it. My daughter Mary Jane Miller owes the estate one thousand dollars ($1000), this being the difference in a trade between a swap of town and country property; she is now in possession of the country property. My daughter Lizzie Brooke has never gotten anything from the estate. My son Baxter Bender has never gotten anything from the estate." Item third is as follows: "I give and bequeath all my property to my children, to be sold and divided equally among them." These two items of the will are the only ones that need be considered in the determination of this case. It will be noted that in the second item of the will the testator states that his daughter Kate Ramsey owes $1500, interest being paid up to date; his daughter Nell Henslee owes $700, interest being paid up to date; his son Will Bender owes $300, and George owes $200. It is admitted by counsel that the next statement, "My son John Bender, I took fifteen (15) feet of Will Bender's front and added to John Bender's lot, making the lot 75 feet front and I made him a deed to it," is so inexplicable that it can not be determined what is meant by it. The testator next states that his daughter Mary Jane Miller owes $1000, the difference between a trade in a swap between town and country property. In each of the instances referred to the amount is denominated as a debt. As related to an heir to an estate, and especially the estate of one who

dies testate, the term "debt" is not synonymous with "advancement." "It would be entirely contrary to the character of an advancement that it should be viewed in the light of a debt upon interest." Osgood *v.* Breed, 17 Mass. 356, 358. In the same well-considered case it was held that the intent to treat money furnished by a parent to a child as an advancement must be made to appear, the court holding that in order that a gift may be construed as an advancement proof that it was the testator's intention that it should be so must be clear and explicit, since its effect is to charge the child with the amount thereof in settlement of his share of the testator's estate. An advancement differs from a debt in that there is no enforceable liability on the part of the child to repay during the lifetime of the donor or after his death, except in the way of suffering a deduction in his portion of the estate. Waldron *v.* Taylor, 52 W. Va. 284 (45 S. E. 336). In Cass *v.* Brown, 68 N. H. 85 (44 Atl. 86), it was held that to constitute an advancement it must appear that the money paid or the property delivered was not paid or delivered as a loan or gift. It must appear that the money or property was intended as an advancement towards the child's future share of his father's estate. In Weatherhead *v.* Field, 26 Vt. 665, 668, it was held that an advancement is distinguished from a debt, for in the case of an advancement the common relation of debtor and creditor does not exist, the property not being delivered or received as borrowed capital. From the language of the second item of the will, construed in connection with the foregoing decisions, and the sections of our code cited above, we are of the opinion that the trial judge properly construed the items listed in item two of the will as debts, and not as advancements. In this view of the matter, the rights of the petitioner as executor of the estate are fully preserved by the provision which permits the petitioner to proceed to collect such debts as may be collectible by law.

The brief of counsel, in which it is sought on the one hand to set aside the judgment of the lower court on the ground that the will was misconstrued and that the direction given the executor was contrary to law, as well as the brief of the defendants in error in support of the judgment, seem to have entirely avoided the principles upon which we base our decision. No reference is made in either brief to this phase of the case. Counsel for defendants in

error strenuously insist that the petitioner is estopped to assert the rights claimed in the present petition, because of the doctrine of res adjudicata. The contention for the defendants in error is that the first paragraph of the decree in this case is a natural legal sequence to a similar result in the verdict and judgment in the superior court upon the issue of devisavit vel non, raised upon the offer to probate the will in solemn form. We can not agree with this contention of the counsel for defendants in error. When the appeal was taken to the superior court to the judgment of the ordinary which refused to probate the will, the trial was indeed one de novo, but the issue was not enlarged by the transfer to the higher court. Nothing was in issue upon that trial except the question devisavit vel non. The finding that the legatees named in the will would not be concluded as to the debts or advancements (whichever they might have been denominated) set forth in the will was futile surplusage, because the decision of that question was without the jurisdiction of the court in the proceeding which was being tried. The trial judge was correct in his ruling in the decree in this case (regardless of the previous verdict and judgment upon the trial as to whether the will should be probated in solemn form as admitted to record as the will of John Lewis Bender). In holding that the claims with which the defendants in error were sought to be charged as advancements were debts, he gave effect in a court of competent jurisdiction to his prior opinion of the law as expressed in a proceeding in which the issue could not then be determined. Therefore the petitioner is not estopped by res adjudicata from now presenting the objections urged at the time of the trial upon the probate of the will, though this court can not sustain his contention that the will in question was improperly construed.

*Judgment affirmed. All the Justices concur, except*

HINES, J., dissenting. 1. The court erred in rejecting proof of the declarations of the testator made to the nominated executor of his will, at the time testator delivered this instrument to him with instructions to file the same with the ordinary, to the effect that the testator wanted what was due him by each of his children deducted from what was coming to such child under his will. This declaration of testator was admissible to show that the debts due by his children to him had been changed from debts to advance-

ments.  Donations from affection, and not made with a view of set-
tlement, nor intended as advancements, shall not be accounted for
as such.  Civil Code (1910), § 4052.  Yet an absolute gift may
be changed into an advancement, with the assent of the heir to
whom the gift was made.  *Harper* v. *Parks,* 63 *Ga.* 705; *Wallace*
v. *Owen,* 71 *Ga.* 547.  In *West* v. *Bolton,* 23 *Ga.* 531, this court
held: "The sayings of a testator  .  .  that certain notes, &c.,
on a son-in-law, represented advancements made by him to that
son-in-law, are sayings against the testator's interest, and this al-
though the notes may be out of date.  They are, therefore, admis-
sible as evidence against the representations [representatives?] of
that son-in-law."  In *Bransford* v. *Crawford,* 51 *Ga.* 20, this court
held that the declaration of an intestate that certain notes which
he held on his son were not held by him as debts against his son,
but as advancements to him, are admissible in evidence in an ac-
tion by a grandchild for her share in the grandfather's estate.  In
view of these rulings I think this evidence was admissible to
show that the debts held by the testator were originally intended
by him as advancements, or had been changed to advancements, to
them; and the court erred in rejecting the same.  This ruling does
not conflict with the principle that parol evidence can not be re-
ceived to show that legatees are to account for advancements.  In
re Lyon, 70 Iowa, 375 (30 N. W. 642) ; 2 Woerner's Am. Law of
Adm. § 553.  The testament must disclose the intention of the
testator to charge legatees with advancements.  Whether such ad-
vancements can be set off against the legacies given by the testa-
tor to his children is the vital question in this case, and will be
next considered.

2.  As a general rule the doctrine of advancements is not ap-
plicable in cases of testacy.  Generally this rule applies only in
cases of intestacy.  *Huggins* v. *Huggins,* 71 *Ga.* 66; 2 Woerner's
Am. Law of Adm. § 553.  "The doctrine of bringing advance-
ments into hotchpot has no application when there is a will which
does not require it to be done."  *Brewton* v. *Brewton,* 30 *Ga.* 416.
Undoubtedly testators may require legatees to account for all
money and property received by them, whether as loans or ad-
vancements.  *West* v. *Bolton,* 23 *Ga.* 531; *Nolan* v. *Bolton,* 25 *Ga.*
357; *Jordan* v. *Miller,* 47 *Ga.* 346; *McNeil* v. *Hammond,* 87 *Ga.*
618 (13 S. E. 640).

In the second item of his will the testator declares that his three daughters, Kate, Nell, and Mary Jane, and his two sons, Will and George, owe the estate the respective amounts specified in this item. What was his purpose and intention in making this declaration? In the construction of wills the court will seek diligently the intention of the testator, and will give effect to the same as far as it may be consistent with the rules of law. Civil Code (1910), § 3900. In Eichelberger's Estate, 135 Pa. 160 (19 Atl. 1014), the Supreme Court of Pennsylvania held that "Where a will provides that the testator's estate shall be divided among his children 'share and share alike,' and then states the amount in which each child is indebted to the estate, such debts should be deducted from the respective legacies."

It is inconceivable that testator in making this declaration had any other purpose and intention than to charge these daughters and sons with these respective amounts, whether as advancements or as debts. Such declaration without such purpose would have been vain and ineffective. The only other purpose of the declaration would be to change these debts into advancements and to charge each child with the amount specified as an advancement; and to require the children to account for these advancements in the distribution of the estate. So I am of the opinion that it was the purpose of the testator to charge these children with the debts which he, in this item, declares they owe his estate. See Hall v. Davis, 3 Pick. (20 Mass.) 450.

3. There is another limitation of, and exception to, the rule that the doctrine of advancements does not apply in cases of wills. This exception is, that, where the will provides that the estate shall descend as in case of intestacy, advancements are reckoned as if there were no will. 2 Woerner's Adm. § 553; Stewart v. Stewart, 15 Ch. D. 539; Raiford v. Raiford, 41 N. C. 490; Trammel v. Trammel, 148 Ind. 487 (47 N. E. 925). The will of testator does not expressly declare that his property shall descend as in case of intestacy; but in the third item of his will he gives all of his property to his children, to be sold, and the proceeds to be equally divided among them. In other words, he disposes of his property just as it would have gone under our statute of distribution. While he does not in so many words say that it shall descend as it would if he had died intestate, his will expressly makes it go

as it would have gone if he had so died. Acts speak louder than words. Anyway, by parity of reasoning, the principle announced in the cases cited applies in this case; and it follows that the legatees should be required to account for these debts, whether they are to be treated as advancements made to them by the testator, or as subsisting debts.

4. What is the meaning and effect of the declaration of the testator in the second item of his will, that he had taken fifteen feet from the front of Will Bender's lot and added it to John Bender's lot, making the latter lot have a frontage of seventy-five feet, and that he had made to John Bender a deed to it? Here the testator had given and conveyed by deed property of his son Will to his son John. When a testator has affected to give property not his own, and has given a benefit to a person to whom that property belongs, the devisee or legatee must elect to take under or against the instrument. Civil Code (1910), §§ 3910, 4610. The clear purpose of the testator was to make the son Will ratify this disposition of a portion of his lots, or to refuse to take anything under the will.

5. On the hearing of the proceeding to probate the will the court directed the jury to return a verdict finding against the caveators, that the instrument propounded be set up and established as the last will of the testator, and "that the recitals in the will as to the debts due by the various children to the testator are not conclusive upon the parties." It is insisted by Kate and Mary Jane, daughters of the testator, that the will should be construed as the verdict and judgment propounding the same directed; and that under such verdict and judgment the recitals in the will as to the debts due by the various children are not conclusive upon the parties. The court of ordinary in probating wills merely adjudicates the factum of the will—devisavit vel non—whether the paper propunded is or is not the last will and testament of the deceased. All questions of construction of the instrument should be left for future direction in the proper court. *Finch* v. *Finch,* 14 *Ga.* 362; *Wetter* v. *Habersham,* 60 *Ga.* 193 (7); *Thomas* v. *Morrisett,* 76 *Ga.* 384; *Trustees* v. *Denmark,* 141 *Ga.* 390 (81 S. E. 238). In trying such a proceeding on appeal, the superior court can not go beyond the jurisdiction of the court of ordinary, and can deal with no question except such as could have been

raised in the primary court. *Greer* v. *Burnam,* 69 *Ga.* 734; *Hufbauer* v. *Jackson,* 91 *Ga.* 298 (18 S. E. 159). The jurisdiction of the superior court on the appeal is limited to the issue of devisavit vel non. *Field* v. *Brantley,* 139 *Ga.* 437, 439 (77 S. E. 559). On such proceeding the superior court is without jurisdiction to construe the instrument propounded as a will. The superior court was without jurisdiction to direct a verdict that the recitals in the will as to the debts due by the various children to the testator were not conclusive upon the parties, and to render judgment on such a verdict. But the verdict as a whole is not vitiated by reference to this irrelevant matter, nor by any misdirection of the court in reference thereto. What is said in the verdict and in the judgment on this subject is mere surplusage, and is to be so treated. *Knapp* v. *Harris,* 60 *Ga.* 398 (4), 404.

6. With what amounts shall these children be charged? "A memorandum of advancements, in the handwriting of the parent, or subscribed by him, shall be evidence of the fact of advancement, but shall not be conclusive as to the valuation of the property, unless inserted as part of testator's will or referred to therein." Civil Code (1910), § 4053. We are not dealing with a mere memorandum of advances in the handwriting of the parent, or subscribed by him. We are dealing with the will of the testator in which he recites that certain of his children are indebted to him in certain amounts. If these amounts are to be treated as advancements, then the amounts thereof are conclusive upon the legatees, the same being fixed and stated in testator's will. If we treat them as debts due by the children to their father, the statement of such debts in the will is conclusive as against the children in the distribution of the estate. Eichelberger's Estate, supra. As was said in the case last cited, "The fact of the indebtedness of each child, and the amount thereof, was a matter within the personal knowledge of the testator; and he had a right to say that the indebtedness of his children, as he stated it in his will, should be deducted from their shares. Even if a mistake had been made, I am unable to see how it could be corrected upon distribution, without making a new will for the testator. . . A legatee is but a volunteer, at best, and must take the bounty of the testator upon the terms in which it is bestowed." So each of the children of the testator should be charged with the amount which the testator declares in item two of his will to be due by such child.

7. It follows from the above rulings that the trial judge erred in his construction of this will. In the distribution of this estate, every child of the testator should first account for the debt or advancement, and for the amount thereof fixed in testator's will. If such debt or advancement amounts to or exceeds the share received by the unadvanced child, such advanced legatee shall receive nothing further from the estate. If the advancement or debt is less, then each unadvanced or less advanced legatee shall first be made equal to such advancement before a general and equal distribution is made. The son John Bender must elect to take or not to take under the will. If he elects to take under the will, he will give effect to the conveyance by the testator of that portion of his lot which the testator by deed conveyed to his brother. If he elects not to take under the will, then he will not be entitled to the legacy given him under the will.

For the reasons above stated, I feel constrained to dissent from the decision of the majority.