TREADWELL *et al. v.* EVERETT *et al.,* executors.

HUTCHESON, Justice. 1. "An advancement is any provision made by a parent out of his estate, for and accepted by a child, either in money or property, during his lifetime, over and above the obligation of the parent for maintenance and education." Code, § 113-1013. And where money or property is transferred by a parent to his child, or for his benefit, the question whether the transfer is to be treated as an advancement depends upon the intention of the parent at the time of the transaction. *Barron* v. *Barron,* 181 *Ga.* 505 (2), 509 (182 S. E. 851), and cit.

2. As a general rule, it is only in cases of intestacy that parties can claim advancements or be compelled to account for them. *Brewton* v. *Brewton,* 30 *Ga.* 416; *Huggins* v. *Huggins,* 71 *Ga.* 66; *Robinson* v. *Ramsey,* 161 *Ga.* 1 (129 S. E. 837). See also Code, §§ 113-1013, 113-1014, 113-1015, 113-1016, 113-1017. However a testator may by will require an accounting for advancements (*Jordan* v. *Miller,* 47 *Ga.* 346; *McNeil* v. *Hammond,* 87 *Ga.* 618, 13 S. E. 640), as well as for debts or loans (*West* v. *Bolton,* 23 *Ga.* 531; *Nolan* v. *Bolton,* 25 *Ga.* 352).

3. Where a grandmother advanced money to her grandson and took therefor a note providing for the payment of interest, prima facie such note represents an indebtedness, and not an advancement; but this presumption is subject to be rebutted. *West* v. *Bolton,* supra; *Cutliff* v. *Boyd,* 72 *Ga.* 302 (7); *Barron* v. *Barron,* supra. For the same reasons it is apparent that where a grandmother becomes surety for a grandson on a note payable to a third person, providing for the payment of interest, and upon the failure of the grandson to pay the notes when due the grandmother pays the same and has the note transferred to her as

surety, such a transaction upon its face has all the attributes of the relationship of debtor and creditor between the grandmother and the grandson, and such note prima facie represents an indebtedness rather than an advancement.

4. Where the grandmother in her will, after providing for the payment of her doctor's bill, funeral expenses, just debts, and making certain specific bequests, declares that her six grandchildren shall share equally in the balance of her estate "provided, however, that the children of my grandson [naming the one whose notes she holds] shall have charged against his share the amount of $          which I advanced to him during life, and his children shall account for said amount in a settlement of my estate. Accounting for this amount, his children shall have a one-sixth interest in the balance of my estate," such provisions of the will do not change the debts of the grandson to advancements. See *West* v. *Bolton, Nolan* v. *Bolton,* supra.

5. In the instant case, a suit by the children of the grandson mentioned in the will against the executors of the grandmother's estate, it appeared from the evidence that promissory notes as described above were found in the grandmother's lock-box after her death, along with her will and other papers; that the surety on the note payable to the grandmother, at the time he signed the note, was informed by the grandson maker that the grandmother "was making loans and requiring security . . and would require two names," and "in the event [the grandson] had any misfortune in business his grandmother would not require [the surety] to pay it; that she would charge it to him in the final windup of the estate;" that the surety, after the grandson had a "misfortune" was told by the grandmother that "she would not require [the surety] to pay the note," . . that it "would be charged against [the grandson's] interest in her estate;" that the grandson had paid one year's interest on the note payable to the grandmother; that the grandmother before her death told one of the executors that the grandson "had not paid the money she had loaned him, as represented by his notes; that he was not paying the interest; and she wanted the executors to collect these notes out of his share of the estate before he or his children would receive anything," and "talked about [the grandson] drinking and about his failure to pay interest on the notes, and looked like on account of his drinking and bad luck the only chance to collect these notes would be to deduct them from his share of her estate." Under the above rulings and the evidence the judge, to whom the case was submitted upon all the issues of law and fact, was authorized to find that the moneys advanced to the grandson, or paid for his benefit, were loans rather than advancements. The court did not err in directing the executors, upon a distribution of the estate, to deduct from the share of the petitioners the amount of the notes with interest.

*Judgment affirmed. All the Justices concur.*

No. 12146. FEBRUARY 17, 1938.

*Cecil D. Franklin,* for plaintiffs. *Mundy & Mundy,* for defendants.