### 14776. HALEY *v.* PARTAIN, executor, *et al.*

The right of an executor to appropriate the distributive share of one of the heirs of an estate to the payment of debts due by the heir to the testator is superior to the lien of a judgment against the heir.

DECIDED NOVEMBER 14, 1923.

Garnishment; from city court of Elberton—Judge Grogan. May 21, 1923.

*R. Stapleton, J. S. Haley,* for plaintiff.

*Z. B. Rogers,* contra.

BLOODWORTH, J. L. B. Partain died testate, leaving his property, both real and personal, to his wife for life, and at her death to be equally divided between his children. After her death the executor sold the property belonging to the estate of the husband. Among the effects of the deceased husband were certain notes of

D. C. Partain, one of the children and a "distributee-heir." Some of these notes were payable to the testator and some were indorsed over to him.   These notes were included in the aggregate value of the estate, and amounted to more than the distributive share of the son and heir D. C.   Prior to the death of the testator and his wife the plaintiff in error obtained judgments against the son D. C., who was insolvent, and after the death of the wife the plaintiff in error had summons of garnishment served on the executor. The executor answered the garnishment and denied that the estate was indebted to D. C. Partain.   This answer was traversed by the plaintiff in error, and the issue thus raised was by consent "submitted to the judge without a jury, to determine the facts as well as the law."  Judge George C. Grogan, to whom the case was submitted, passed the following order: "The question of law involved is: Can the executor of testator set off the debts due testator by D. C. Partain, defendant in fi. fa., against the amount that would be due D. C. Partain as a legacy under said will; and the question of fact is, did D. C. Partain owe these notes aggregating $969.19 to L. B. Partain at the time of his death?   After considering the evidence and hearing argument of counsel, it is adjudged and ordered: that the executor, garnishee in this case, can first set off the debts due his testator by D. C. Partain, a legatee; that if the debts exceed the legacy, counting the notes as paid in, the answer of the garnishee that the estate of L. B. Partain did not owe or have in its possession any money, property or effects of D. C. Partain, is sustained.   Whereupon it is adjudged and ordered that the answer of the garnishee be and is hereby sustained, and judgment is rendered against the traverse to said answer."

Under the decision in the case of *Lester* v. *Toole,* 20 *Ga. App.* 381 (93 S. E. 55), the case was properly decided.   See especially Streety *v.* McCurdy, 104 Ala. 493 (16 South. 686).

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*