MRS. ALICE E. NICHOLSON ET AL., EXECUTORS OF THE LAST WILL AND TESTA-
MENT OF MRS. ANNA C. ARNOLD, v. PEARSON BENNETT SERRILL.

(Filed 27 January, 1926.)

**1. Wills—Devise—Debt of Devisee—Intent.**

Where a testatrix had taken a chattel mortgage to secure a debt due
by a beneficiary under her will, which remained unpaid at her death, and
has devised to him a legacy in a large sum of money, clearly evidencing
her intention that he was preferred over other beneficiaries, and does not
by his will exclude the payment of the debt, the testator's intent is not to
forego the collection of the mortgage security, and her executor may
foreclose the mortgage and collect the debt.

**2. Same—Trusts—Estates—Remainders.**

Where a legatee owes a debt secured by chattel mortgage to the estate,
made to the testatrix in her lifetime, and there is a devise of a large
sum of money to be held by the executor in trust for him, but with cer-
tain contingent limitations over to others, etc., the sum so held in trust
may not be diminished by the failure of the mortgaged property to pay
off or discharge the debt, and a judgment to that effect is to that extent
erroneous.

APPEAL by defendant from *Finley, J.,* at May Term, 1925, of HAY-
WOOD. Modified and affirmed.

Action to recover judgment on note executed by defendant, payable to
order of plaintiff's testatrix, for decree of foreclosure and order directing
the sale of personal property described in a chattel mortgage executed by
defendant to secure the payment of said note and for order directing
plaintiffs to retain from legacy bequeathed by testatrix to defendant the
balance due, if any, after the application of the proceeds of said sale,
as payment upon said note. From judgment upon the facts as found by
the court, from pleadings and proofs offered, defendant appealed.

*Alley & Alley for plaintiffs.*
*William T. Hannah and W. R. Francis for defendant.*

CONNOR, J. On 11 April, 1921, defendant executed his note by which
he promised to pay to the order of Anna C. Arnold, thirty-six months
after date, the sum of seventeen hundred dollars, with interest from date
at the rate of six per centum per annum, payable annually; on the same
date defendant executed a chattel mortgage for the purpose of securing
the payment of said note, by which he conveyed to Mrs. Anna C. Arnold
certain articles of personal property described as follows: "One chest of
drawers, rosewood, one bureau, one washstand, one bedstead of cherry,
one set of springs, one wool mattress, two pillows, one eider-down quilt,

one very nice silk quilt, two nice single blankets, white, two army blankets, one table with dresser, mahogany, one oak Morris chair, upholstered in leather, one wicker rocker, one mahogany rocker, which has been painted maple, two straight walnut chairs, which need upholstering, one tapestry piece, one picture, two dead birds done on wood, 12 other pictures, one book case, one box of silver, some few pieces of silver, one trunk with sheets, pillow cases, table linen, etc., one trunk of toys, one trunk of books, one empty trunk, one steamer trunk, one barrel of china, all of this I have always paid taxes on, two vases." This chattel mortgage was duly recorded on 12 April, 1921. There was no allegation or evidence that any payments had been made on the note secured therein.

On 3 June, 1921, Anna C. Arnold made and published her last will and testament; she died at Raleigh, N. C., on 15 February, 1924, and thereafter said last will and testament was duly probated and recorded in Haywood County, where she resided. Plaintiffs, Alice E. Nicholson, Edward T. Clark and F. S. Ballard, appointed in said will as executors, have duly qualified as such. The other persons appointed as executors have not qualified, one, Chief Justice Walter Clark, having since died, and the other, Henry N. Clark, having renounced.

The interests of defendant, Pearson Bennett Serrill, in said will, arises from the following items and references therein to him:

"Second and third. In consideration of the love and affection I have for Pearson Bennett Serrill, whom I reared in my home from the time he was a small child until he reached his majority, I bequeath the sum of ($10,000) Ten Thousand Dollars in trust to be placed in the hands of 'The Wachovia Bank & Trust Company' of Asheville, North Carolina, as trustee for the use and benefit of the said Pearson Bennett Serrill. The said trustee is directed to place the said amount at interest to the best advantage, and the said trustee is directed to pay semiannually the interest at the best rate obtainable on said sum to the said Pearson Bennett Serrill until 1 July, 1955, and should the said Pearson Bennett Serrill be then living, then the whole amount with interest unpaid of said legacy shall be paid to him free of the trust, and should he die before that date said amount with any unpaid interest shall be paid to the lineal descendants of the said Pearson Bennett Serrill, if he has any, free of the trust; and in case he dies without lineal heirs, then it is my will that this said amount in the hands of the said trustees shall be freed from the trust and immediately become the property of Rev. J. D. Arnold's children, Mrs. J. T. Schaaf, Mrs. R. C. Stearnes, Mrs. Pearl Arnold Townsend, Miss Virginia Arnold, Prof. M. H. Arnold, Prof. Benjamin William Arnold, or the heirs of any that may be dead, first to the lineal

7—191

heirs, and in case of failure of lineal heirs, then their collateral heirs, who are entitled to receive it, and be discharged from the trust.

"Fourth. It is my will, if I should fail to leave sufficient money and personal property to pay legacies created in the preceding second and third paragraphs of this will, then in the event I authorize and direct my executors to first collect and sell my notes and bonds, and secondly real estate, except 75 acres farm land devised to Henry N. Clark, either at public or private sale to bring a sufficient amount to pay said legacies, and it shall be their duty to do the same."

"Nine. It is my will that whatever other personal estate which I may die possessed of which has not hereinbefore been disposed of that my executors hereinafter named shall use toward paying two legacies created in the second and third paragraphs of this will and in case there is not enough of said personal property to settle said legacies any over, then I bequeath any balance to my sister, Mrs. Alice E. Nicholson. To make it more certain should there not be enough of my personal property to pay said legacies not counting the personal property bequeathed to Mrs. Alice E. Nicholson in trust, my executors are directed to sell sufficient of my real estate to pay said legacies as it is my will that they shall be paid in any event and before anything else can be disposed of. What I left Pearson Bennett Serrill comes ahead of everything."

By the eleventh paragraph of her will, testatrix gives and bequeaths to Pearson Bennett Serrill a number of articles of personal property, listed in detail, of the same character as those conveyed in the chattel mortgage executed by defendant to secure his note for $1,700 payable to the order of testatrix, consisting of books, furniture, jewelry, etc., such as are suitable exclusively for personal use, and whose value is dependent chiefly upon associations. She gives the books, in which the name of her father, David Clark, is written, to her nephew, David M. Clark. She gives her "handsome lavaliere and chain" to her said sister for her natural life, and at her death to Pearson Bennett Serrill. In the twelfth paragraph she directs that "should Pearson Bennett Serrill die possessed of any or all this personal property and leave no lineal heirs, I wish said property to go to David C. Ballard's lineal heirs." The fourteenth paragraph is as follows:

"I especially charge Mrs. J. W. Nicholson and Col. W. J. Hannah, two of my executors, to see that Pearson Bennett Serrill gets all and everything I leave him and everything I intend him to have, also all things that are his and never were mine. Should there be any doubt, give him the benefit of the doubt."

Testatrix gives and devises to her brother, Henry N. Clark, seventy-five acres of her farm land in Halifax County, North Carolina, adjoining the lands formerly owned by Mrs. F. S. Ballard; the remainder of

her farm she gives and devises to her brothers, Chief Justice Walter Clark, Henry N. Clark and Edward T. Clark, and to her sisters, Mrs. Alice E. Nicholson, Mrs. Pattie C. Patterson, Mrs. Sallie C. Graham, Miss Lucy N. Clark, and to her nephew, David C. Ballard, as tenants-in-common. Her land in Haywood County she gives and devises to brothers and sisters and her brother-in-law, F. S. Ballard. All the residue of her estate wheresoever same is situate or found, she gives and devises to the children of Rev. J. D. Arnold, her step-children, or their lineal heirs.

The court was of the opinion that plaintiffs, as executors of Mrs. Anna C. Arnold, were entitled to have the articles of personal property described in the chattel mortgage executed by defendant, to secure the payment of the note for $1,700, sold and that the proceeds of said sale should be applied as a payment on said note; it was further of opinion that any sum remaining unpaid upon said note should be deducted from the legacy of $10,000, provided in said will, and that the remainder should be paid by plaintiffs over to the Wachovia Bank & Trust Company, to be held by said company upon the trusts declared in said will. It was thereupon considered, adjudged and ordered by the court "that said executors at once proceed to advertise a sale of the property secured by said mortgage at public auction, as therein provided, to the highest bidder for cash, the proceeds thereof to be applied on said indebtedness; that said executors, immediately after said sale under said mortgage, pay over to Wachovia Bank & Trust Company, in pursuance of the directions of the aforesaid will, the sum of $10,000, less any sum that may remain upaid on account of the aforesaid note and mortgage after the aforesaid personal property secured thereby shall have been sold as aforesaid."

Defendant excepted to said judgment, and assigns as error the holding by the court that plaintiffs had the right to deduct from the legacy of $10,000 any sum in payment of the note for $1,700, and the order contained in the judgment directing plaintiffs to deduct from said legacy such sum as might remain unpaid on said note after the sale of the property described in the chattel mortgage.

The purpose of the testatrix to make defendant, whom she evidently regarded as her foster son, the primary object of her bounty and the chief beneficiary under her will, is manifest. It may be, as defendant contends, that there were circumstances surrounding the execution of the note for $1,700 which would show that Mrs. Arnold had no purpose to require its payment to her during her lifetime, or to her executors after her death; if so, it is defendant's misfortune that she made no specific reference to said note or to the chattel mortgage securing same in her will. The facts that she apparently made no effort to collect the note or the interest on it, that the property conveyed in the mortgage

is of a character that gives it little pecuniary value and that provisions for and references to defendant in the will, indicate her purpose that defendant "should come ahead" of others, and that he should have the "benefit of any doubt," are not sufficient, as evidence, to establish her intention that plaintiffs, her executors, into whose hands the note and mortgage have come as assets, should release defendant from his obligation upon said note, or should not enforce collection by foreclosure of the chattel mortgage. There was no error in the judgment directing plaintiffs to advertise and sell the personal property described in the chattel mortgage.

Defendant's contention, however, that there was error in directing plaintiffs to pay to the Wachovia Bank & Trust Company, in pursuance of the directions of the will, the sum of $10,000, less any sum that may remain unpaid on the note, after the sale under the mortgage, presents a more serious question. The right and duty of an executor to deduct from a legacy the amount of any indebtedness of the legatee to the estate of his testator, is well settled, and is in full accord with elementary principles of justice. The principle has been frequently applied where the legacy is bequeathed to the legatee, absolutely. *Balsley v. Balsley,* 116 N. C., 472; *Webb v. Fuller,* 22 L. R. A., 177; *Lambright v. Lambright,* 6 Anno. Cas., 807; 24 C. J., 489. It is the duty of the executor to retain so much of such a legacy as is required for the payment of the indebtedness of the legatee to the estate. "The theory of retainer is that it is the executor's duty to collect all debts due the estate, and that such debts are assets which it is the executor's right to retain and offset against a legacy." *In re Bogert's Estate,* 85 N. Y. Sup., 291; 24 C. J., 487, and citations.

It has been held, however, that where a legacy is left to A. for life, with remainder over to his children, a debt due from A. to the testator cannot be set off against the principal of the trust fund. The whole must be invested for the benefit of the tenant in remainder. *Voorhees v. Voorhees,* 18 N. J. Eq., 223.

The right of an executor to set off against a devisee debts owing by the devisee to the estate cannot be made effectual to the injury of the rights of others whose interests are in no way involved in the controversy and a set-off against a devisee for life cannot affect the rights of the remaindermen in fee. *In re Brachey's Estate* (Ia.), 147 N. W., 188; *In re Bogert's Estate, supra.*

The sum of $10,000 is directed by the testatrix to be paid to the Wachovia Bank & Trust Company as a trust fund, primarily for the use and benefit of defendant; in certain contingencies, however, other persons will have an interest in said trust fund. No deduction can be made from the principal of said fund without affecting their rights. The purpose

of the testatrix that said sum shall be and remain intact until the happening of the contingences as stated in the will, is clearly expressed. To permit a deduction from said sum to be made would not only injuriously affect the rights of persons other than defendant, but would be clearly contrary to the wishes of the testatrix, as solemnly expressed in her will. We must hold therefore that there was error in directing any deduction from the $10,000; the entire sum should be paid by plaintiffs to the Wachovia Bank & Trust Company, to be held by said company upon the trusts declared in the will. The judgment modified in accordance with this opinion is

Affirmed.