GOODYEAR TIRE & RUBBER CO. *v.* HAY, executor, *et al.*

No. 14298.   OCTOBER 14, 1942.

752

*John R. Wilson* and *E. P. Stapleton,* for plaintiff.

*R. L. Cox* and *A. B. Conger,* for defendants.

GRICE, Justice.    Treating the petition filed in aid of the traverse to the answer of the garnishee as in effect an equitable amendment of the garnishment proceeding, and the answer thereto as a part of the answer to the garnishment, it set up that the interest of A. L. Hay in his father's estate had been extinguished by a loan of $6250, made to him by his father during September, 1922, with the understanding that in the event such loan was not repaid before the death of W. D. Hay, such loan was to be charged and considered as an advancement against A. L. Hay's distributive share as an heir of W. D. Hay; and with the further provision that should said loan at the time of the death of W. D. Hay exceed the

value of A. L. Hay's distributive share in the estate, then A. L. Hay would draw no distributive share therein, but would pay into the estate the sum so due in excess of the value of such distributive share as might otherwise be drawn; so that an equal distribution of the assets might be, had among the remaining heirs; that by his · will W. D. Hay left to his wife a life-estate in his property, and L. E. Hay, the executor of the will, turned over to the life-tenant the whole of said estate, a part of which was the indebtedness aforesaid; that A. L. Hay's indebtedness to the estate was in excess of $6250, and he settled his indebtedness by surrendering to the life-tenant his distributive share, and executed a note to the widow, his mother, for $3000; that L. E. Hay died on December 3, 1932, and Mrs. Hay, the life-tenant, died on December 16, 1935, and that A. L. Hay is now indebted to the estate on said note. The proof showed that A. L. Hay borrowed $6250, that a note therefor had been given by him to his mother, and that he did not have anything coming to him from his father's estate. The will of W. D. Hay, dated August 23, 1902, was in evidence. It gave a life-estate to his widow, the same after her death to go to his children, share and share alike. It made no mention of advancements or debts owed to him by any one. The testator died in March, 1925, and the will was probabted on May 4, 1925.

▮ The demurrer to the answer to the petition was properly overruled. In substance it averred that a debt owed by A. L. Hay to the estate of his father more than offset what would have been his distributive share of the remainder estate. It is not only the right of an executor but his duty to retain from a legacy or distributive share the amount of any indebtedness which may be due to the estate by the legatee or distributee. 24 C. J. § 1317; 21 Am. Jur. § 450. This is in accord with elementary principles of justice. Nicholson v. Serrill, 191 N. C. 96 (131 S. E. 377). The principle was applied in *Lester* v. *Toole,* 20 *Ga. App.* 381 (93 S. E. 55), *Haley* v. *Partain,* 31 *Ga. App.* 144 (120 S. E. 14), *Cox* v. *Brady,* 58 *Ga. App.* 498 (199 S. E. 242), and *Greenwood* v. *Greenwood,* 178 *Ga.* 605 (173 S. E. 858). It follows that since, as against the legatee and the executor, the executor could properly apply the amount of the legacy to a debt owed by the legatee to the estate, a creditor of a legatee could not by garnishment subject the proceeds of the legacy, in such a situation, to the payment of a

claim against the legatee debtor. Under the pleadings, there was a debt owing by A. L. Hay to the estate, which would exhaust the amount of his distributive share otherwise falling to him. This view of the matter renders it undesirable to discuss the law of ademption of legacies and advancements, treated of in the briefs.

All the grounds of special demurrer have been examined. It would serve no useful purpose to state them in detail and to discuss them. The rulings on such of them as are not controlled by the ruling made on the general demurrer present no cause for reversal. They do not affect the heart of the answer, which is that the judgment debtor is indebted to the estate in a larger sum than his distributive share as a legatee amounts to.

■ The motion for new trial complains of the admission in evidence of testimony of A. L. Hay and L. C. Hay, regarding a transaction in 1922 with the father, W. D. Hay, as to a loan $6250 by him to A. L. Hay, over objection that this was irrelevant and immaterial to the issues involved, and that it tended to vary and contradict the terms of the will of W. D. Hay, which was the law of the case, the will having provided how the testator's estate should be divided; that this evidence was contrary to the terms of said will; and that the testimony was contrary to the pleadings set forth in the defendant's answer, and did not conform thereto, for the reason that the pleadings referred to and designated said transaction as an advancement, and advancement could not be set up under the will. In support of the garnishment answer by the executor, which set forth that the indebtedness of the debtor was greater than his distributive share, this evidence was not irrelevant or immaterial. The answer stated in so many words "that in September, 1922, his father, W. D. Hay, then in life, loaned him the sum of $6250." Nor, for the reason indicated, was it contrary to the pleadings, although the answer further averred that said loan was made with the understanding and agreement that if not repaid before the death of W. D. Hay, it was to be charged and considered as an advancement. That averment was coupled with the further statement that if the amount due on "said loan" at the time of the death of W. D. Hay exceeded the value of the defendant's distributive share in said estate, then he should draw no distributive share. The objection also was that this testimony tended to vary and contradict the terms of the will, that instrument making no

mention of advancements. The argument on this point is that since it is only in cases of intestacy that parties can claim advancements or be compelled to account for them (*Robinson* v. *Ramsey,* 161 *Ga.* 1, 129 S. E. 837), and whether money transferred by a parent to his child, and accepted, is to be treated as an advancement depends upon the intention of the parent at the time of the transaction (*Barron* v. *Barron,* 181 *Ga.* 505, 182 S. E. 851), and the will providing how the remainder after the death of the widow is to be distributed, to-wit, "All of said property shall go to my children of her begotten, forever in fee simple, share and share alike," and makes no mention of advancements or debts, the money in question should be considered as a gift which is not to be deducted from the son's share. Construing as a whole that portion of the answer under attack, it can not be said that the point at issue is controlled by the law of advancements; but it must be governed by the proposition that it states that the loan was an indebtedness due to the estate, to which it was the duty of the executor to apply what would otherwise be his distributive share. Compare *Treadwell* v. *Everett,* 185 *Ga.* 454 (195 S. E. 762), and cit.

■ Another objection to this testimony was that L. C. Hay and A. L. Hay were incompetent witnesses as to such fact, since it related to a transaction of the deceased W. D. Hay with L. E. Hay, the former executor, who had died, and with A. L. Hay, who was a legatee under the will. These objections are without merit. The evidence act of 1889 (Ga. L., 1889, p. 85; Code, § 36-1603, et seq.) makes all witnesses competent, except as therein stated. Neither witness falls within the exceptions named; and under the express terms of that law "there shall be no other exceptions allowed." Code, § 38-1603.

■ Commissions of the executor are regarded, under the statute, as necessary expenses of administration, and in legal contemplation such commissions are considered appropriated as earned. A creditor of the person who is executor can not by garnishment force the executor to apply to the creditor's debt the commissions earned by him as executor. As stated in *Lester* v. *Toole,* 20 *Ga. App.* 381, 390 (93 S. E. 55). "The contrary rule would militate against the speedy and diligent administration of the estate."

■ Since the directed verdict was the only finding the jury could

have rendered under the pleadings and the proof, there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., disqualified, and Hewlett, J., not participating.*