30210. SMITH *et al. v.* BIRD, administrator, *et al.*

DECIDED MARCH 17, 1944. REHEARING DENIED MARCH 31, 1944.

*Cohen Anderson, Julian Groover, W. G. Neville,* for plaintiffs.
*Fred T. Lanier,* for defendants.

BROYLES, C. J. On January 26, 1942, Mrs. Wilma M. Smith, as next of kin of her father, D. E. Bird, filed a caveat to the returns made to the court of ordinary of Bulloch County by Leroy T. Bird, Jones I. Allen, and W. H. Smith, administrators of the estate of D. E. Bird, deceased. On February 27, 1942, the defendants answered the caveat. Mrs. Smith offered an amendment to the caveat, and on March 5, 1942, this amendment was allowed and ordered filed. She then filed application to be made a party to the original caveat as administratrix of the estate of her mother, Mrs. D. E. Bird, who died about three months after the death of her husband, D. E. Bird; and on March 5, 1942, the court of ordinary granted this application. On the same day the ordinary rendered a judgment against the caveat, and Mrs. Smith, individually, and as administratrix of the estate of Mrs. D. E. Bird, appealed the case to the superior court of Bulloch County. The

judge of that court appointed an auditor to pass on all questions of law and fact involved in the case. The auditor's report, though favorable to the caveatrix in certain minor particulars, was in favor of the defendant administrators as to the more important questions involved in the controversy. The caveatrix filed exceptions of law and fact; the report was made the judgment of the court; and to that judgment the caveatrix excepted.

The substance of the original caveat, by paragraphs, with the substance of the answer to each paragraph stated in parentheses immediately after the paragraph, follows: 1. "Said estate has not been fully administered because certain notes, bonds, stock, etc., have not been disposed of and are still in the hands of the administrators." (The defendants did not reduce said notes, etc. to judgment because they considered them uncollectible and did not wish said estate to pay court costs, and said papers were deposited with the court of ordinary for the benefit of the heirs at law of said estate.) 2. "Certain property administered as, a part of the . . estate is not the property of said estate, but is the property of Mrs. D. E. Bird, deceased." (Denied.) 3. "The $1410 paid to Fred T. Lanier, attorney for said estate, is excessive . . and should be reduced." (Denied.) 4. "The administrators of said estate have made illegal charges of commissions against said estate." (Denied.) 5. "Said administrators are attempting to distribute said estate according to purported receipts for advancements during the lifetime of D. E. Bird, which said receipts are a nullity and should not be charged to· . . petitioner's distributive part." ("Defendants admit that they have distributed the D. E. Bird estate, taking into consideration certain advancements made by him to caveatrix and the other heirs of said estate, which advancements are represented by the conveyance of real estate to them by deed executed and delivered by , . D. E. Bird during his lifetime. Defendants deny that the receipts . . are a nullity.") 6. "The annual returns and final return of the administrators of said estate are such that a true picture as to the distribution and handling of said estate can not be ascertained therefrom." (Denied.) 7. "Mrs. D. E. Bird died subsequent to the death of D. E. Bird and thereby became vested with all the rights of a widow in the estate of D. E. Bird, deceased, and . . said administrators have not accounted for her share in said

estate." ("Defendants deny . . that these administrators have not accounted for the share of Mrs. D. E. Bird in the D. E. Bird estate.") 8. "Mrs. D. E. Bird . . died owing no debts, and there is no reason for the administrators to hold funds belonging to her estate." (Denied.) 9. "Wilma M. Smith . . is the daughter of D. E. Bird and . . Mrs. D. E. Bird, both deceased, and is entitled to her distributive share in each estate, and said shares have not been accounted for in the return of the administrators, or in fact." ("Defendants admit that caveatrix is the daughter of D. E. Bird and Mrs. D. E. Bird and was entitled to her share in each estate, and . . allege that they have accounted to her for her interest in both estates.") Further answering, the defendants alleged by paragraphs substantially as follows: 10. D. E. Bird died on or about February 27, 1937, and on March 2, 1937, letters of administration issued to these defendants as administrators of his estate. Mrs. D. E. Bird died during May, 1937. Before his death, D. E. Bird made conveyances of land by deeds to the following persons for the considerations stated: (1) To Mrs. Margaret R. Joiner for $16,000; (2) To Mrs. Wilma M. Smith for $14,000; (3) To Mrs. J. W. Anderson for $7,000; (4) To Leroy T. Bird for $4,000; (5) To Mrs. Lucy A. Smith two tracts of lands, one for $4,200, and the other for $2,000; (6) To Mrs. Gladys I. Allen two tracts of land, one for $6,420, and the other for $1,000. D. E. Bird "took receipts from the above named heirs showing that these conveyances represented advancements that he was making to his different children." In the return filed in the court of ordinary on January 29, 1940, the administrators, for the purpose of making a memorandum of these receipts and advancements, set out "these various advancements on the list showing receipts, disbursements, and advancements merely for the purpose of making a record of these various advancements." Said advancements amounted to $54,620, "which represented the amount of the considerations in the various deeds made by D. E. Bird." These advancements "constitute no part of the D. E. Bird estate; were never taken into consideration by the administrators and the appraisers in appraising . . said estate; were never handled by said administrators as a part of said estate; but were included in the return filed on January 29, 1940, merely as a memorandum to show what had been advanced to the differ-

ent heirs." 11. After Mrs. D. E. Bird's death, her heirs, "who were also the children and heirs of D. E. Bird, . . agreed . . that . . it would be for the best interest of all parties concerned for the administrators of the D. E. Bird estate to handle the estate of Mrs. D. E. Bird without any . . additional cost or expense, and thereby save to the heirs interested the cost, expense, and necessity for the appointment of . . different administrators on the estate of Mrs. D. E. Bird." 12. "With the consent and agreement of said heirs, said administrators did handle the interest of Mrs. D. E. Bird in the D. E. Bird estate." On January 30, 1940, the net amount of the D. E. Bird estate was $34,242.17; one-fifth of which ($6,848.43) was due to Mrs. Bird. The debts and expenses paid from Mrs. D. E. Bird's estate were $1,827.06, "leaving a net amount of [said] estate of $5,021.37 . . and caveatrix and the other heirs of Mrs. D. E. Bird and D. E. Bird have received checks for the full amount of their interest in both estates." The prayer of the foregoing answer was that "said caveat be denied and that letters of dismission issue to them."

The amendment to the original caveat allowed on March 5, 1942, is substantially as follows: 1. "By attaching to said caveat a copy of the annual and final returns of the administrators of the D. E. Bird estate, said copy . . being marked exhibit A." 2. By alleging, "That said administrators have not accounted for any interest on the money held in their hands from one year to the next above the necessary amount for expenses." 3. "Caveatrix shows that in the returns made by said administrators her distributive share in the estate of D. E. Bird has been charged with the amount of $898.79, which she denies, saying that she has not now, nor has [she] ever been indebted to said estate or D. E. Bird in his lifetime."

The following is a substantial statement by paragraphs of the auditor's report, with the paragraphs not excepted to indicated in parentheses, and with the parts of the report to which exceptions are taken, and the exceptions thereto, more fully stated: 1. "Counsel for the plaintiff withdrew objections to the fee paid by the administrators to their attorney, Mr. Fred T. Lanier." (No exception.) 2. "Counsel for the administrators admitted . . that the $50 fee paid to Mr. Hinton Booth by the administrators,

as a fee for representing the caveators to the will of D. E. Bird, when the caveat was filed in the court of ordinary of Bulloch County, was improperly paid out by the administrators, and they should account for this as a matter of law." (No exception.) "3. Complaint is made in paragraph 1 of the caveat filed by the plaintiff . . at the January term, 1942, that the estate of D. E. Bird had not been fully administered because certain notes, bonds, stocks, and other property of this estate had not been disposed of. These evidences of the assets of the estate of D. E. Bird were deposited with the ordinary . . and were not sold or offered for sale. Section 113-1705 of the Code of 1933 gives the law as to how insolvent or doubtful notes, etc., may be disposed of. The law does not state that such papers must be disposed of after this manner, but may be so disposed of. And I suggest that the administrators dispose of these doubtful assets by selling the same as provided by law; or they may be disposed of by agreement, either by a division in kind or by delivering them to the complainant in this case. That I have personally examined these stocks, etc., and it is my judgment they do not have any value." (No exception.) "4. I do not find that the administrators on the estate of D. E. Bird have made any illegal charges of commissions against said estate." (No exception.) "5. D. E. Bird died on January 27, 1937, and the plaintiff in this case was in constant litigation with the administrators, the defendants herein, until April, 1940, and the administrators have been restrained by . . the judge of the superior court from distributing any of the estate of D. E. Bird, and this restraining order was kept in force . . until April, 1940, when the case was finally disposed of in the Supreme Court. . . I hold that the plaintiff in this case, who was also the plaintiff in the case just referred to, can not legally hold the . . administrators liable for any interest on any money that they may have had on hand during the time that this estate was in litigation." (No exception.) 6. After stating that D. E. Bird during his lifetime took receipts from the parties mentioned in paragraph 10 of the answer to the caveat for the precise amounts therein stated as being the considerations of the various deeds therein mentioned, the auditor says: "The recipients of these advancements were children of D. E. Bird, deceased, except Mrs. Anderson, who is his granddaughter. In each case receipts were

taken by D. E. Bird for the amount advanced, and it was definitely stated in each receipt that the amount received was an advancement. Also, in each case the advancement made was in the form of real estate. *I hold as a matter of law that these advancements constitute no part of the estate of D. E. Bird. The value of the property received was agreed to by the recipient of the property. The value was fixed at the time each receipt was given."* (Italics ours.) (The first exception of law is to paragraph 6 of the auditor's report. After quoting said paragraph, as above indicated, the exception proceeds substantially as follows: "There is no contention as to the statement of fact . . in the above quoted matter, but the *plaintiffs except to the ruling of the auditor . . that 'these advancements constitute no part of the estate of D. E. Bird.'* [Italics ours] . . it is necessary, as a matter of law, that said advancements be considered as a part of said estate in order that the correct, legal, and equitable share of Mr. D. E. Bird in said estate . . be correctly arrived at; and . . that all of said advancements to all of the heirs of the said D. E. Bird, deceased, with the exception of Mrs. D. E. Bird, who survived him, were ignored in arriving at . . Mrs. Bird's share in said estate, said ruling . . being contrary to law, and assigns error thereon. The caveatrix further excepts to said ruling, as a matter of law, because said advancements do constitute a part of said estate of . . D. E. Bird . . and . . they must necessarily be so considered in order for each heir . . to arrive at his or her proper share in said estate, . . and in order that the one-fifth interest of Mrs. D. E. Bird in said estate may be properly determined; and for these reasons said ruling . . is contrary to law.") Paragraph 7 of the auditor's report follows: "It is admitted by both plaintiff and defendants that Mrs. D. E. Bird, or Mrs. Ada Bird, the widow of D. E. Bird, died in May, 1937, without obtaining dower, a year's support, or any property from the estate of D. E. Bird." (No exception.) Paragraph 8 of the auditor's report is next excepted to. Said paragraph, with the part thereof not set out in the exception enclosed in parentheses, follows: "8. The gross value of the estate of D. E. Bird was approximately $40,630.20, as of January 30, 1940. The total expense to that date was $6,563.03, which leaves a net amount of $34,242.17. Of this sum Mrs. D. E. Bird is entitled . . to

one-fifth, or $6,848.43, which . . represented the value of her estate as of January 30, 1940. Out of this sum the administrators of the estate of D. E. Bird paid her funeral bill . . of $613.76; a drug bill, $45.30; her doctor's bill, $200; her nurse's bill, $378, and a tombstone bill, $265, and also charged her with book account of $500, making a total of $2,002.06, but gave her credit for $175, which was one-half of what an automobile was sold for, leaving a net expense of $1,827.06, and a net amount of Mrs. D. E. Bird's estate as $5,021.37 as of January 30, 1940. Later, additional sums came into the hands of the administrators which increased both assets, so that each heir of Mrs. D. E. Bird received $944.05, which amount was paid to them in checks of $849.40 at one time and $94.65 at another time. (The plaintiff in this case, under the evidence produced on the trial, had advised the administrators of the estate of D. E. Bird, through her attorney, D. C. Jones, that they should administer the estate of Mrs. D. E. Bird. On the trial of this case, this was not disputed. Later, on June 8, 1940, she wrote to the administrators that they were due her from her mother's estate $849.40; and later, on July 1, 1940, she again advised them through her attorneys, J. J. E. Anderson and Son, that they were due her that sum from her mother's estate as of that date. On August 3, 1940, a check was issued to the plaintiff . . for $849.40 by the administrators, and she accepted the same and received the money thereon. It is also undisputed that she now holds a check for $94.65, an additional sum as being her part of her mother's estate.) I find that the total estate of Mrs. D. E. Bird was $7,098.47, which represents her one-fifth interest in the estate of D. E. Bird." (Caveatrix excepted to the finding of the auditor that $7,098.47 was the total estate of Mrs. D. E. Bird, which represented "her one-fifth interest in the estate of D. E. Bird" on these two grounds: (1) "The auditor, in arriving at Mrs. Bird's one-fifth interest in the estate of D. E. Bird, charged" her funeral bill, her drug bill, her doctor's bill, her nurse's bill, and her tombstone bill against her estate, "when the same should have been paid out of the estate of D. E. Bird." (2) "Because the estate of D. E. Bird was legally bound for . . these necessary expenses of his said wife," for the reason that D. E. Bird died before his said wife died, leaving a solvent estate which had not been fully administered at the time of his wife's death.) In paragraph 9

of his report, the auditor held that the "book account of $500, mentioned in the preceding paragraph of said report, was a gift to Mrs. D. E. Bird, and therefore an illegal charge against her estate." (No exception.) Paragraph 10 of the auditor's report follows: "I hold as a matter of fact that the defendant administrators of the estate of D. E. Bird did not charge any commissions on the estate of Mrs. D. E. Bird." (No exception.) Paragraph 11 of the auditor's report follows: "Mrs. Wilma Smith . . , at the January term, 1942, of the court of ordinary of Bulloch County, was appointed temporary administratrix of the estate of her mother, Mrs. D. E. Bird, and contends now that she should have a year's support set aside to her mother, though she had never applied for any year's support and no appraisers have ever been appointed to set one aside. As a matter of law, the court of ordinary has exclusive jurisdiction over year's-support matters. *But, I do not think, as a matter of equity, justice, and good conscience, she could stand by for four and one-half years and see her father's estate fully administered, and her mother's estate fully administered, and then come into court and ask that a year's support be set aside for her mother. There would be no equity, justice, or good conscience in this.*" (Italics ours.) (Caveatrix excepts to the foregoing ruling of the auditor because "the finding of the court [auditor?] was directly in contradiction to the evidence and the weight thereof, said evidence being admitted by both the plaintiff and the defendants, as contained in paragraph 3 of the auditor's report, which reads as follows:" Here the caveatrix quotes paragraph 3 of the auditor's report, which, having been hereinbefore fully quoted, will not be repeated. The exception concludes: "Plaintiff assigns error to the finding of said court [auditor?] as quoted in the underscored portion of the preceding paragraph hereof, and to the effect that said estates had been fully administered.") Paragraph 12 of the auditor's report follows: "Mrs. Wilma Smith is not hurt by the charge of $898.79 which represents some sort of book account and which appears to be out of date, for she is given credit of having paid the same. The amount having been credited to her and then charged to her, the one balances the other and this sum was not deducted from her interest in her father's estate." (No exception.) Paragraph 13 of the auditor's report: "I find as a matter of fact that the Chevro-

let automobile was owned jointly by D. E. Bird and . . Mrs. D. E. Bird, and that each estate received one-half of the proceeds from the sale of this automobile after the death of Mrs. D. E. Bird, and that each estate received $175." (No exception.) Paragraph 14 of the report supplements paragraph 5 of the report by stating that "it is an undisputed fact that the defendants . . did not earn any interest pending the litigation referred to in paragraph five of this report." (No exception.) Paragraph 15 of said report follows: "To summarize, I find that the plaintiff in this case is entitled to her pro rata part of the $50 paid to Hinton Booth . . by the administrators of the estate of D. E. Bird. I also find, that she is entitled to her pro rata part of the $500 charged as a book account against Mrs. D. E. Bird." (No exception.) Paragraph 16 of said report: "On all other matters involved in this case, both as to the law and as to the facts, I find in favor of the defendants." (No exception.) Paragraph 17 of said report merely recites the auditor's diligence in examining the facts and the law pertaining to the issues presented.

The controlling question in this case is whether the advancements made by Bird in his lifetime should be considered as a part of his estate. Under the particular uncontradicted facts, we think that the auditor was authorized to find as a matter of law that they were not a part of the estate. The cases cited in behalf of the plaintiff in error are differentiated by their facts from this case.

Another question is whether Mrs. Bird's estate was entitled to a greater share of her husband's estate than that allowed her, because after his death she was not granted dower or a year's support. The undisputed evidence authorized a finding that Mrs. Bird never applied for dower or a year's support; and that the plaintiff, Mrs. Smith, four and one-half years after the death of her mother, and after the estates of her mother and her father had been substantially administered, claimed a year's support for her mother. We agree with the auditor that the application was made too late.

Another minor question is, was Mrs. Bird's estate liable for her funeral, doctor's, nurse's, drug, and tombstone bills? Assuming, but not conceding, that these bills were improperly charged to her estate, we think that the plaintiff, Mrs. Smith, under the uncontradicted evidence, was estopped by her conduct and admissions

from claiming that any further funds were due her ·from her mother's estate. On June 8, 1940, she wrote to the administrators of her father's estate that she was due the sum of $849.40 as her distributive share of her mother's estate up to May 16, 1940. That sum was given to her and accepted by her. Some time later, the administrators sent her another check for $94.65, which she retained. This evidence, together with the inferences therefrom, authorized the auditor to find that the above-stated sums were accepted by her as her final distributive share of her mother's estate, and the error, if any, in charging the funeral and other bills to her mother's estate was harmless.

The court did not err in affirming the auditor's report.

*Judgment affirmed. Gardner, J., concurs. MacIntyre, J., concurs in the result.*