39921. FULLER v. FULLER, Administratrix, et al.

430

Decided February 4, 1963—
Rehearing denied February 28, 1963.

*Wyatt & Wyatt*, for plaintiff in error.

*Richter & Birdsong*, A. W. *Birdsong*, contra.

Russell, Judge. ■ The defendant in error filed a motion to dismiss the bill of exceptions in this court on the grounds that (a) the evidence, which is partly in narrative and partly in stenographic form, has not been properly briefed, and (b) that the brief of evidence has not been properly certified. As to (a), it does appear that in the main there has been a substantial effort towards compliance with *Code Ann.* § 70-305. Since the rule prescribed therein is for the benefit of the court rather than the parties litigant, and since those immaterial portions of the record appearing in the brief of evidence are not such as to inconvenience the court, this ground of the motion is denied. *Williams v. Joel*, 89 Ga. App. 329 (1b) (79 SE2d 401). As to the other ground of the motion, immediately following the brief of evidence there appears the certificate of the trial judge reciting that the foregoing brief of the evidence "is hereby approved as a true and correct brief of the evidence produced upon the trial in the above stated case." This was a sufficient approval of the

brief of evidence. *Code* § 6-811. Other parts of the record specified by the plaintiff in error, including the verdict, judgment, and order overruling the motion for a new trial, all of which were court papers and properly filed in the office of the clerk, were sufficiently verified by the certificate of the clerk of court following the transcript and certifying that "the foregoing pages hereto attached contain a true transcript of such parts of the record as are specified in the bill of exceptions and required by the order of the presiding judge to be sent to the Court of Appeals." *Code Ann.* § 6-1001. The motion is denied.

A contrary ruling, however, would not result in a dismissal of the bill of exceptions but in an affirmance of the case as to all assignments of error depending upon a consideration of evidence.

■ The plaintiff in error urges that the general demurrer to the petition should have been sustained for the reason that it fails to show a state of facts involving the propriety of some future act or conduct on the part of the administratrix which, if taken without direction of the court, might reasonably jeopardize her right, and also that the issues here sought to be determined could be equally well determined in the administration of the estate pending before the Ordinary of Troup County. If this were true it would constitute compelling grounds for dismissing the petition. *U. S. Fidelity &c. Co. v. Watson,* 106 Ga. App. 748 (128 SE2d 515). Neither premise, however, is correct. There is no question of usurping the jurisdiction of the ordinary. An administrator may not petition for discharge until he has fully discharged all his duties, which includes the duty of distribution. *Code* § 113-2301. Although the administration of the estate is pending before the ordinary, either the court of ordinary or the superior court may have jurisdiction of this question. *Code Ann.* § 113-2801 provides: "Whenever any question arises under the laws of descent and distribution of this State . . . as to the quantity of interest heirs at law are entitled to take, such question may be resolved judicially upon application to the court of ordinary which has jurisdiction by virtue of a pending administration . . . or such application may be filed in the superior court of the county wherein the court or ordinary having jurisdiction as herein defined is located." Rec-

ognizing that this petition is not brought, as it might have been, under *Code Ann.* § 113-2801, that statute is in harmony with *Code Ann.* § 110-1107 which specifically provides that any person interested as an administrator of an estate may "have a declaration of rights or legal relations . . . and a declaratory judgment (b) To direct . . . [him] to do or abstain from doing any particular act in . . . [his] fiduciary capacity, or (c) To determine any question arising in the administration of the estate." In *Rowan v. Herring*, 214 Ga. 370 (105 SE2d 29) the line was tightly drawn between that time when the petition of an executor or administrator for a declaratory judgment will be sustained and when dismissed; there the executor was not faced with taking any step which would jeopardize his future interests because the steps had already been taken; that is, the executor after executing deeds to certain property and allowing the defendants to go into possession, sought at a later time to ascertain whether he should sue to cancel the deed and recover the property for the estate. The court commented: "They have waited until the horse is out and gone before trying to lock the stable door." This administratrix has kept the horse in the barn; she seeks a judgment that the land represents an advancement before distributing an amount representing this part of the defendant's share of the estate to the other heirs.

■ The only ground of demurrer remaining to be discussed is that contending that the plaintiff is guilty of laches (the suit was filed on May 16, 1960, after the intestate died on May 1, 1948) and that the action cannot proceed for this reason. In the same connection, the answer alleged that "plaintiffs herein are not entitled to any relief for the further reason that their long delay has rendered them guilty of laches and this defendant hereby invokes the principle of laches"; the first special ground of the motion for new trial assigns error on the entire charge of the court because "the charge failed to present to the jury for their consideration the law with reference to laches"; special ground 2 assigns error on testimony of the plaintiff admitted over objection that, "I did have a suit filed against me" and special ground 5 assigns error on the admission in evidence of an equity suit filed in 1948 by the defendant against the plaintiff praying

that she be enjoined from disposing of any assets of the estate, which action was dismissed in 1958. The testimony and evidence were admitted by the court for the purpose of showing why the administration of the estate had been protracted.

We are not sure for what reason the plaintiff in error contends that delay in filing the present suit renders it subject to dismissal, but, as to the general demurrer, the petition shows no facts which would establish the administratrix guilty of delay because it fails to allege at what time she was appointed and took over the duties of that office. As to the charge of the court, special ground 1 fails to specify what the court should have charged and is too vague and indefinite for consideration. *Allen v. Barrow,* 93 Ga. App. 894 (1) (93 SE2d 177) et cit. And on a general exception to an entire charge, no question arises but whether the charge is erroneous in its entirety. *Charlton v. State,* 157 Ga. 373 (121 SE 334). And since, regardless of whether laches, a purely equitable doctrine, *Code* § 37-119; *Prudential Ins. Co. v. Sailors,* 69 Ga. App. 628 (5) (26 SE2d 557), could belong in this case under any circumstances, it was pleaded as a defense and the evidence was admitted by the court to rebut the defense. Assuming that the defense was not good in law (both because this is not an equity case and because there is no showing that any delay in bringing this action has prejudiced any right of the defendant), and although it is true that the question of the insufficiency of a defensive plea may be raised by an objection in the nature of a demurrer to evidence, *Kelly v. Strouse & Bros.,* 116 Ga. 872 (2a) (43 SE 280), the objection was not made on this ground, but only on the ground that the evidence was prejudicial and did not tend to rebut the imputation of laches because the same issues could have been raised in the equity suit. The mere fact that evidence is prejudicial is not alone a reason for rejecting it. *Carusos v. Briarcliff, Inc.,* 76 Ga. App. 346, 354 (45 SE2d 802). We do not know whether or not such a defense was in fact raised in the equity suit because the answer was not introduced in evidence, and the suit was dismissed, but whether voluntarily or involuntarily does not appear. It follows that none of these assignments of error is meritorious.

434

■ *Code* § 38-1603 (1) provides in part: "Where any suit shall be instituted or defended by . . . the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased person whether such transactions or communications were had by such . . . deceased person with the party testifying or with any other person . . . There shall be no other exceptions allowed under the foregoing paragraphs." The statute is to be strictly construed, and all witnesses are competent except such as fall within the exceptions specified. *Goodyear Tire &c. Co. v. Hay,* 194 Ga. 750 (3) (22 SE2d 496, 143 ALR 186).

■ In special ground 3 error is assigned because of the allowance of testimony of the plaintiff, suing in her individual capacity as an heir and also in her representative capacity as administratrix as follows: "During the time I was married to Mr. Bryant Fuller, Sr. he did convey property to his son, Bryant Fuller, Jr." In *Lane v. Howard,* 201 Ga. 616 (2) (40 SE2d 537) it was held: "The provisions of the Code, § 38-1603, to the effect that where a suit is instituted or defended by a representative of a deceased person, the opposite party may not testify to transactions had with the deceased, did not render inadmissible testimony of the petitioner, who sued individually as sole heir of her deceased father and as administratrix of his estate, as to transactions that she had had with her father." The sole ground of objection to the evidence of the administratrix here, that it contravenes the provisions of *Code* § 38-1603, is without merit.

■ The defendant offered as a witness a brother of the intestate who offered to testify that because the witness' father, brother, and brother's son (the defendant) were all named Bryant Fuller it was the father's desire, communicated to his children, that the home place was to go to Bryant Fuller and then to the defendant, and that this was done. Of his brother he said: "He gave the land to Bryant, Jr. He said he was giving it to him and wanted [it] to stay in the Fuller family. We were all born and raised over there. Bryant was born there. I was born there and my sister and we wanted this boy to have

the home place there and gave it to him." The testimony was ruled out on objection, and while the reason for the ruling does not appear it is evident that the court either considered it as in contravention of *Code* § 38-1603 or as hearsay. It does not violate the dead man's statute because the witness was not an opposite party in the action brought by the administratrix. As to the second objection, *Code* § 38-302 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." See *Davis v. Farmers &c. Bank*, 36 Ga. App. 415 (4) (136 SE 816) and cit.; *Willis v. Henry*, 95 Ga. App. 593 (2) (98 SE2d 150). The testimony objected to showed a motive for the decedent's making a gift of the property to the defendant, and also contained a statement of the deceased that he was making such a gift. In an action against the intestate this would have constituted an admission. "When the personal representative of a deceased person is a substantial party to a suit, the testimony of a witness as to statements made by the deceased to the witness, concerning the vital issue in the cause, adverse to the contention of such personal representative, when offered by the opposite party, the witness not being incompetent to testify, is admissible in evidence as admissions." *Ferrell v. Wight*, 187 Ga. 360 (2) (200 SE 271); Green, Ga. Law of Evidence, p. 555, § 263. The trial court erred in excluding the evidence set out in special ground 4 of the amended motion.

■ As to the general grounds of the motion for new trial, it is true that the deeds in question recite no consideration other than love and affection, and that since under *Code* § 113-1013 "Donations from affection and not made with a view to an accounting, nor intended as advancements, shall not be accounted for as such," the deeds would in the absence of proof to the contrary demand a finding that the land in question was a gift. *Smith v. Bird*, 70 Ga. App. 869, 877 (29 SE2d 654). However, in view of the direct testimony of the plaintiff, the wife of the deceased, that "he made a statement to me at the time he deeded this that it would be part of the estate" a jury question was

presented, and the general grounds of the motion for a new trial are without merit.

The trial court did not err in overruling the demurrers to the petition, but erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*