IN THE MATTER OF THE ESTATE OF CLEOPATRA WALKER MORRELL, DECEASED:

MONA LEA MORRELL BRYANT AND L. H. MOUNT, CO-EXECUTORS, PETITIONERS

DAVID BUTT, RICK N. MILLER, MARSHA MORRELL, N.C. DEPARTMENT OF REVENUE, ANDREW P. COLLINS, GWYN R. PARSONS, WILLIAM B. CREWS, JR., RONALD L. O'CONNELL, LOIS C. O'CONNELL, W. NEIL FARFOUR, MONA LEA MORRELL BRYANT, MARY MILLICENT MORRELL MOATS, GERALD DON NELSON BRYANT, III, WILLIAM WOODLAND MORRELL BRYANT, MONA ELIZABETH LEA BRYANT, WILLIAM LESTER MORRELL, RESPONDENTS

No. 929SC188

(Filed 20 April 1993)

**Executors and Administrators § 192 (NCI4th)— decedent's loans to grandson—bequest to grandson—set-off prior to creditors' claims against grandson**

The trial court did not err in determining that the executors of decedent's estate were entitled to a set-off against decedent's grandson's beneficial interest by the amount he was indebted to the estate, prior to allowing his creditors to assert claims against the grandson's interest, since the set-off would not injure the rights of third parties or remaindermen in this case, as the bequest was an outright gift and respondent creditors had no direct interest in the legacy sought to be offset; there was no requirement that the grandson's debt to the estate be admitted or judicially determined; and there was competent evidence in the record to support a finding that the money deceased advanced her grandson was intended to be a loan and not a gift.

## IN RE ESTATE OF MORRELL

[109 N.C. App. 676 (1993)]

Am Jur 2d, Executors and Administrators §§ 1012 et seq.

Presentation of claim to executor or administrator as prerequisite of its availability as counterclaim or setoff. 36 ALR3d 693.

Personal representative's right of retainer or setoff against debtor's distributive share of estate of debt barred by statute of limitations. 39 ALR2d 675.

Appeal by respondents David Butt, Rick N. Miller and Gwyn R. Parsons from order entered 10 October 1991 by Judge F. Gordon Battle in Person County Superior Court. Heard in the Court of Appeals 3 February 1993.

*Maxwell & Hutson, P.A., by James H. Hughes and Lauren M. Mikulka, for petitioner appellees.*

*Charles E. Clement for respondent appellant Gwyn R. Parsons; and Miller and Moseley, by Paul E. Miller, Jr., for respondent appellants David Butt and Rick N. Miller.*

COZORT, Judge.

Petitioners, co-executors of the estate of Cleopatra Walker Morrell, filed this interpleader action on 27 June 1991 to determine the proper distribution of the beneficial interest of beneficiary William L. Morrell. On 10 October 1991, the trial court filed an order allowing the petitioners to reduce the beneficial interest of William L. Morrell by the indebtedness he owed to the estate. Respondents appeal. We affirm. The facts follow.

Cleopatra Walker Morrell died on 4 December 1989. In her will, Mrs. Morrell bequeathed one-tenth (1/10) of the residuary of her estate to William L. Morrell, her grandson. On 22 June 1990, William received a partial advancement in the amount of $10,000.00 to be charged against his beneficial interest. It was later discovered that William was indebted to the decedent in the amount of $52,733.76, plus interest, at the time of her death. The debt, comprised of five various disbursements by Cleopatra to William, was listed as an asset of the estate on the 90-day inventory dated 12 March 1990.

On 3 July 1990, respondents David Butt and Rick N. Miller filed a claim against the beneficial interest of William Morrell with the estate of Cleopatra Walker Morrell in the amount of $16,401.37,

plus interest and costs. The claim was based on a judgment filed and docketed against William Morrell in Watauga County and Person County. On 6 September 1990, respondent Gwyn R. Parsons filed a claim against the interest of William Morrell with the decedent's estate in the amount of $31,571.79, plus interest and costs. This claim was also based on a judgment against William Morrell filed and docketed in Watauga County and Person County. As of 20 September 1991, William Morrell's beneficial interest in Mrs. Morrell's estate was $89,496.57.

The trial court found that the total indebtedness of William Morrell to the estate is $86,133.20. In all, ten creditors filed claims against the beneficial interest of William L. Morrell. The trial court concluded that the indebtedness of William L. Morrell to his grandmother was properly set off against his beneficial interest. The court ordered that the co-executors pay to the Clerk of Superior Court the amount, if any, of William Morrell's beneficial interest which exceeded the amount set off for distribution to William Morrell's creditors, in order of their preference.

The issue presented by this appeal is whether the trial court erred in determining that the executors of Mrs. Morrell's estate were entitled to a set-off against William Morrell's beneficial interest by the amount he was indebted to the estate, prior to allowing his, creditors to assert claims against William Morrell's interest. We find the trial court did not err in ordering the set-off.

Respondents advance several arguments. First, respondents claim that third parties would be injured as a result of the trial court's order allowing petitioners to charge any amount owed to Mrs. Morrell by William Morrell against the amount he would receive under her will. In support of their contention, respondents cite *Nicholson v. Serrill*, 191 N.C. 96, 131 S.E. 377 (1926). *Nicholson* recognizes that "[t]he right and duty of an executor to deduct from a legacy the amount of any indebtedness of the legatee to the estate of his testator, is well settled, and is in full accord with elementary principles of justice." *Id.* at 100, 131 S.E. at 379. *Nicholson* furthermore explains the theory of retainer, which is " 'the executor's duty to collect all debts due the estate, and that such debts are assets which it is the executor's right to retain and offset against a legacy.' " *Id.* (quoting *In re Bogert's Estate*, 41 Misc. Rep. 598, 85 N.Y.S. 291 (1903) ). However, *Nicholson* also sets forth the conditional nature of the executor's set-off rights:

**IN RE ESTATE OF MORRELL**

[109 N.C. App. 676 (1993)]

The right of an executor to set off against a devisee debts owing by the devisee to the estate cannot be made effectual to the injury of the rights of others whose interests are in no way involved in the controversy and a set-off against a devisee for life cannot affect the rights of the remaindermen in fee.

*Id.* The *Nicholson* Court refused to allow the executors to set off the indebtedness against the legacy because the legacy was not bequeathed to the legatee absolutely. Because contingencies existed as to whom the bequest would actually go, the *Nicholson* Court determined a set-off would affect the rights of the parties.

The present case differs from *Nicholson* in that the bequest was an outright gift to William Morrell of one-tenth of her residuary estate, with no contingencies. Here, the respondents have no direct interest in the legacy sought to be offset. As a result, we cannot say the set-off would injure the rights of third parties or remaindermen in this case.

Respondents next argue the set-off is improper because Mr. Morrell's debt to the estate was not admitted or judicially determined. Respondents contend "[t]he law requires that claims be admitted or judically [*sic*] determined before an estate may set-off [*sic*] against a legacy to prevent unfairness and inequities." Respondents cite no binding substantive authority for this proposition. According to *Nicholson*, the executor may set off the amount of "any indebtedness" of the legatee to the estate of his testator. Because the law of our state does not impose a requirement that the debt be judicially determined, this argument is overruled.

Next, respondents argue there is no competent evidence presented in the record to indicate that Mrs. Morrell intended the money she gave to her grandson to be a debt as opposed to a gift. This contention has no merit. We have reviewed the record, including exhibits introduced into evidence by the petitioners, and find the evidence is competent to support a finding that the money Mrs. Morrell advanced to her grandson was intended to be a loan and not a gift.

Respondents further allege the trial court erred in ordering the set-off because the court entered findings of fact based on evidence not before the court. This argument essentially restates respondents' previous contention which questioned the competency

ANDERSON v. N.C. DEPT. OF HUMAN RESOURCES

[109 N.C. App. 680 (1993)]

of the evidence in the record to show the funds in question were loans from Mrs. Morrell to William Morrell. There is evidence in the record consisting of copies of the promissory notes and checks, plus credible testimony concerning the execution of the loans, to support the findings of Mr. Morrell's indebtedness. Accordingly, the trial court did not enter erroneous findings of fact in its order.

We have reviewed the remaining assignments of error and find they have no merit.

Affirmed.

Judges WELLS and LEWIS concur.